THOMAS S. MORLEY, APPELLANT, v. GEORGE McDONALD, RESPONDENT.

Submitted July 10, 1922—Decided October 6, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The parties had an accident caused by a collision between their autos. Each sued the other; one suit, that by McDonald was instituted in the First District Court of Essex county, and the other, that by Morley, was brought in the First District Court of Newark. The parties stipulated that the McDonald case should be tried in the Newark District Court, if the Essex District Court should consent. The Essex court consented and the record of that court was sent to the Newark District Court for trial, and it found for the plaintiff for $265. The record shows that, and, apparently without authority, the clerk of the Newark District Court after the trial, returned the record to the Essex District Court, and, upon the memorandum entered thereon by the judge of the Newark District Court, entered judgment in favor of McDonald against Morley for the sum stated in the memorandum, and thereupon McDonald caused that judgment to be docketed in the Essex Common Pleas. Morley was allowed a writ of *certiorari* to review the docketed judgment, as well as the judgment in the Essex District Court, and the Supreme Court, *vide Morley* v. *McDonald*, 96 N. J. L. 22, set aside both the docketed and the Essex District Court judgments upon the ground that there had been no trial in the Essex District Court, and therefore there was nothing upon which to base that judgment, and consequently there was no judgment to docket. At the same time the First District Court of Newark gave a judgment in favor of the defendant, McDonald, in the Morley suit. We do not think it is necessary to consider this latter judgment because it is not in controversy here. After the Supreme Court had

set aside the two judgments above mentioned, the Newark District Court, upon the application of McDonald, ordered that the original record which it once had in its possession, but which had been returned to the clerk of the Essex District Court, be returned to it and filed *nunc pro tunc,* as of the date of the original trial, and when this was done he gave judgment on his original finding as of July 12th, 1921, that being the day when the record was returned. Thereupon, Morley obtained a writ of *certiorari* to review this latter judgment, which is a matter now before this court. We are of opinion that when the parties consented to have the record removed to the Newark District Court it amounted in substance and effect to the entering of a suit, by consent of the parties, without summons, as may be done under the District Court act, and that when they went to trial the prosecutor consented to jurisdiction of the Newark court, and cannot now complain of that. Nor do we think there was any error in recovering possession of the record, but that it was properly returned to the Newark court even without an order to refile it as of its original date. Nor is there anything in the argument that, by entering judgment July 12th, 1921, the prosecutor lost his right to appeal, because his right began when the final judgment was entered.

"The first point which the prosecutor makes is that the District Court of Essex county had no authority to transfer a cause that had been commenced in that court. This point is disposed of above, for when the parties made the written agreement to try the cause before the Newark court, it amounted to the institution of a new cause by consent without process, as they might under the District Court act.

"The second point is that the Newark court had no authority to direct its clerk to enter upon its docket a procedure which had been instituted in the District Court of Essex county; that was also disposed of by the stipulation of the parties.

"The next point is that the Newark court had no authority to enter judgment on the 12th day of July, 1921, because it was entered nine months after the decision. The decision

had nothing to do with the question raised. The finding of the Newark court was not its judgment, the only question is whether it had a right to defer a judgment for so long a time without continuing the cause to a particular date. While it is an established rule that in justice court cases there must be a definite adjournment or the court loses jurisdiction, and the same rule applies to District Courts, except that after the hearing the court may reserve its decision, which amounts to its judgment, for a reasonable time. We think that under the circumstances in this case the time occupied by the litigation cannot be said to be an unreasonable time, especially as in this case, where the prosecutor removes the judgment to the Supreme Court by *certiorari,* and therefore we do not think the court lost jurisdiction, because there was a delay of considerable time caused by the interference of this court.

"The next point is that defendant in *certiorari* was guilty of laches and therefore not entitled to enter judgment July 12th, 1921, which was done after due notice to the prosecutor. We fail to see any laches on the part of the defendant. He was pursuing his remedy except so far as he was interfered with by the prosecutor, by litigation caused by the first writ held by him.

"The next point is that the Newark court lost jurisdiction because the record was returned to the Essex court and a judgment entered thereon, but this court has held in the case above cited that judgment was improperly entered, and of itself did not prevent the Newark court from retaining jurisdiction.

"The next point made is that the Newark court had no authority to enter judgment on July 12th, 1921, because the defendant would be deprived of an appeal, as he could not proceed with his appeal because more than twenty days had elapsed since the finding, but the appeal is not from the finding but from the judgment, and from that the prosecutor had ample time after July 12th, 1921, to prosecute his appeal.

"It is also urged that there was no evidence taken by the Newark court in support of the judgment which it entered. The answer to this is that the evidence had already been taken, and, as we have said, the delay in entering the judgment thereon did not, under the circumstances, deprive the Newark court of its jurisdiction.

"The next point is that the Supreme Court, in setting aside the judgment entered in the Essex court, did not remand the cause to the District Court. That the Supreme Court was not required to do. It was only dealing with the validity of the judgment under review, which was set aside.

"The next point made is that the Newark court had no authority to enter the judgment, because prior to that day the defendant had demanded a trial by jury. The answer to this is that the trial court has certified that there was no demand for a trial by jury, and it is not denied that the prosecutor went to trial before the court and without demanding a jury on the trial day.

"We think that the judgment of the Newark District Court now under review should be affirmed, and it is so ordered."

For the appellant, *Thomas Brunetto.*

For the respondent, *Clarence Sackett.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   13.

*For reversal*—None.