EVA M. VANDERHOOF, PLAINTIFF-APPELLEE, v. PAULINE CROSBY AND EDWARD CROSBY, DEFENDANTS-APPELLANTS.

Submitted October term, 1932—Decided May 25, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellants, *Ovidio C. Bianchi.*

For the appellee, *Giordano & Singer* (*Ralph E. Giordano,* of counsel).

PER CURIAM.

This is the appeal of the defendants below from a judgment of the District Court in favor of the plaintiff.

The action was brought to recover $355.80 which the plaintiff alleged was due by virtue of an agreement made between plaintiff and the defendants, and the judgment was entered upon the verdict of a jury.

The suit was brought in the Orange District Court and by stipulation of counsel was transferred to the East Orange District Court. In the latter court when the case came on, the counsel of the defendants moved to dismiss, claiming that the court was without jurisdiction because no summons had been issued out of the East Orange District Court. That motion was denied and the parties proceeded to trial. We believe that under the authority of *Morley* v. *McDonald,* 98 *N. J. L.* 275; 118 *Atl. Rep.* 582, the court had jurisdiction in view of the stipulation entered into by the counsel who represented the parties throughout the entire proceedings.

We come now to the merits. The suit was begun November 2d, 1931. It appeared at the trial that the defendants owned real estate subject to a street assessment that was due and payable in ten equal yearly installments. On November 16th, 1929, defendants made a deed for that real estate to plaintiff and at the same time the parties entered into an agreement which recited that the assessment was a lien payable in ten equal installments and that in consideration of the plaintiff's accepting the deed subject to that lien the defendants agreed to assume and pay the assessment in ten equal installments. It further appeared that the defendants did not pay the first two installments upon their becoming due and payable, and that thereupon the plaintiff paid the entire assessment and brought this action against the defendants for the entire amount thereof. It further appeared that the defendants took the position at the trial that the plaintiff could recover only for the two unpaid installments and not for the full amount of the assessment, and that the only judgment that could be entered against the defendants was a judgment for the amount of the two installments that they had not paid in accordance with the terms of their agreement; and further, the record shows that the defendants requested the court to direct the jury to bring in a verdict for the amount of the said two installments, which motion was denied and an exception allowed.

We think the specifications of the determinations with which the defendants were dissatisfied properly raise the question as to the legal propriety of the judgment for the entire amount.

Now we think that the judgment was improper. The obligation assumed by the defendants under the agreement was to pay in ten equal installments, and only two of these were due and unpaid. It would seem to follow that plaintiff's damages were limited to the amount of those two unpaid installments, with interest, it not appearing that there was any provision that such a default was a breach of the entire contract having the effect of making all the payments due.

The judgment will be reversed and a new trial awarded. Costs to abide the event.