THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL. v. ALEXANDER R. FORDYCE, Jr., ET AL., CIVIL SERVICE COMMISSIONERS.

Argued November 4, 1915—Decided March 9, 1916.

1. A writ of *certiorari* will not lie to review or correct erroneous opinions, however hurtful they may be to individuals concerning whom they are expressed. An order, judgment or determination affecting the rights of the prosecutor is necessary as a foundation for the use of the writ.
2. The writ of *certiorari* cannot be used to draw judicial opinions in advance or to affect adjudications of subordinate tribunals.
3. A resolution of the civil service commission ratifying the action of its president in refusing to certify the payroll of five officers of the fire department of the city of Newark does not affect the prosecutors, who are the city and its board of fire commissioners, and one of the five officers, the latter of whom does not challenge, but rather seeks approval of the action of the commission.

On *certiorari*.

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutors, *Harry Kalisch*.

For the board of civil service commissioners, *Herbert Boggs*, assistant attorney-general.

For M. J. Durkin, *Frank E. Bradner.*

The opinion of the court was delivered by

GARRISON, J. The prosecutors of this writ of *certiorari* are the city of Newark and its board of fire commissioners. The writ directs the civil service commissioners to certify to this court their action adjudging that a certain resolution of the board of fire commissioners reducing five battalion chiefs to the rank and salary of captains was without legal power. The return certifies the opinion of the civil service commission to the foregoing effect based upon an opinion of the attorney-general. This opinion of the civil service commission cannot be reviewed upon *certiorari.* "A writ of *certiorari* will not lie to revise or correct erroneous opinions, however hurtful they may be to individuals concerning whom they are expressed. An order, judgment or determination affecting the rights of the prosecutors is necessary as a foundation for the use of the writ." *Watson* v. *Medical Society,* 38 *N. J. L.* 377; *Drake* v. *Plume,* 44 *Id.* 362; *Livingston* v. *Trinity Church,* 45 *Id.* 230.

The interest of the prosecutors, in the opinion of the civil service commission, is that it is at variance with that upon which the board of fire commissioners acted in demoting the five chiefs, and by this writ we are in effect asked to decide which opinion is correct. "The writ of *certiorari* cannot be used to draw judicial opinions in advance or to affect adjudications of subordinate tribunals." *Hoxsey* v. *Woodruff,* 39 *N. J. L.* 72.

So far as the opinion of the civil service commission is concerned, the writ must be dismissed.

The return also brings up the following resolution:

"*Resolved,* That the refusal of the president of the commission to certify to the payroll of the five battalion chiefs, to wit, Thomas S. Reilly, Charles C. Storch, James Fagan, Jr., Michael J. Durkin and Cornelius Smith, listed as captains for service from June 15th to July 31st, is hereby ratified; and be it further

"*Resolved,* That the president of the commission continue to refuse certification to such payroll.

"(Signed)   GARDNER COLBY,

"*Chief Examiner and Secretary, N. J. Civil Service Commission.*"

The prosecutors are not affected by this resolution excepting in the respect just considered, viz., that it clashes with the action based upon the opinion of the board of fire commissioners. The persons whose rights are affected by the resolution are those whose pay as captains is denied certification. One only of these persons is a party to this proceeding, and he, so far from seeking to set aside the resolution in order that his pay as captain may be certified, takes the contrary position, viz., that the resolution of the civil service commissioners is right and that the reasoning on which it is based should be adopted by this court as a ground for overthrowing the action of the board of fire commissioners in demoting him and his four associate chiefs. What the attitude of these four is we have no means of knowing, but if they wish to obtain the certificate denied by the resolution, their action must be by a *mandamus* directed to the civil service commissioners under section 26 of the act (*Comp. Stat., p.* 3805); on the contrary, if the demoted chiefs wish to challenge the action of the board of fire commissioners, it must be by an action instituted by them against that body.

In the present proceeding the prosecutors have no interest in the action of the civil service commission brought up by the return that entitles them to challenge its correctness by a writ of *certiorari.*

The writ is dismissed, with costs.