EDWARD J. MORGAN, PROSECUTOR, v. D. FREDERICK BURNETT, STATE COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL, AND THE BOROUGH OF RUNNEMEDE, DEFENDANTS.

Argued May 5, 1938—Decided November 16, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *Harry Grossman*.

For the defendant D. Frederick Burnett, state commissioner, &c., *Nathan L. Jacobs*.

For the defendant borough of Runnemede, *S. Lewis Davis*.

The opinion of the court was delivered by

HEHER, J. In 1934, at a referendum election held pursuant to section 44 of the act relating to alcoholic beverages (*Pamph. L.* 1933, *pp.* 1180, 1211, as amended by chapter 257, *Pamph. L.* 1935, *p.* 818; *R. S.* 1937, 33:1-47), the electors of the borough of Runnemede, in the county of Camden, resolved in the negative the question of whether the sale of alcoholic beverages should "be permitted on Sundays" in the municipality.

At a meeting held on September 30th, 1937, the municipal governing body adopted a resolution directing the resubmission of that identical question to the voters of the municipality at the ensuing general election. The referendum was had accordingly; and the question was answered in the affirmative.

The resolution of resubmission was based upon a petition filed with the governing body under section 44 of the Beverage Control act, *supra,* signed by the requisite number of qualified electors, requesting a referendum on the question of whether the sale of alcoholic beverages should "be permitted on Sundays in the municipality after 1:00 P. M.;" and on December 27th, 1937, the commissioner of alcoholic beverage control, in response to the borough clerk's request for his "opinion on the whole matter, that is in regard to the question submitted, and the legal hours of sales now in this Borough on Sunday," advised the clerk by letter that, in view of the failure of the governing body to submit the question demanded in the petition, the referendum was "void and of no effect," and therefore the "previous referendum," held in 1934, resulting in a

prohibition of Sunday sales of alcoholic beverages, "has never been superseded," and "no sales of alcoholic beverages may be lawfully made at any time on Sundays in Runnemede."

The return shows that on Sunday, January 2d, 1938, representatives of the defendant commissioner "explained" to prosecutor, the holder of a plenary retail consumption license issued by the local governing body, that "there was some controversy" relating to "the wording on the ballot concerning open Sunday and until the matter was definitely settled licensed premises should remain closed on Sunday as the licensee would be subject to revocation proceedings and might lose the license for the premises;" that the "licensee was responsible for the conduct of his premises and he would have to decide for himself if he wanted to be subject to revocation proceedings;" and that prosecutor expressed his "desire to do what" the defendant-commissioner "desired," and informed them that he "would immediately close," and acted accordingly.

Prosecutor maintains that the referendum is not subject to collateral attack—citing *State, ex rel. Love* v. *Freeholders of Hudson County*, 35 *N. J. L.* 269; *O'Donnel* v. *Dusman*, 39 *Id.* 677; *Conger* v. *Convery*, 52 *Id.* 417; *Winters* v. *Warmolts*, 70 *Id.* 615; *Long Branch* v. *Sloane*, 49 *Id.* 356; *Camden* v. *Mulford*, 26 *Id.* 49, 58.

It is the insistence of the defendant commissioner, on the other hand, that the referendum "was void on its face," in that a petition for the submission of that particular question was a jurisdictional prerequisite, and the whole proceeding is therefore a nullity—citing *App* v. *Stockton*, 61 *N. J. L.* 520; *Carron* v. *Martin*, 26 *Id.* 594; *State* v. *Mayor and Aldermen of Jersey City*, 36 *Id.* 188.

There is no occasion to consider this question. The return reveals no action reviewable on *certiorari*.

It is stipulated that, following the reply to the clerk's inquiry, to which we have adverted, the defendant commissioner, through his investigators, notified the local licensees, including prosecutor, "of the contents of his letter" to the clerk, and *advised* them that, in the event of Sunday sales of

alcoholic beverages, "he would cause proceedings to be instituted for violation of the Control act;" that prosecutor "thereafter kept his licensed place of business closed on Sundays;" and that "no other judicial proceedings have been instituted by the defendant" commissioner, "or the borough of Runnemede or any other person to determine the validity of the referendum." The return reveals that the commissioner's representatives were not authorized to direct the closing of prosecutor's place of business on Sundays; nor did they do so. As pointed out, he was distinctly informed that "there was some controversy" respecting the validity of the referendum, and that it was his responsibility, as the licensee, to determine upon a course of action.

And so the commissioner did not, in the matter complained of, profess to exercise authority conferred by section 36 of the Beverage Control act, *supra*. He did not undertake to review the referendum proceedings; nor did he, by word or deed, lay claim to or indicate an assumption of such judicial authority by virtue of his office. He merely gave voice, in compliance with the municipal clerk's request for an expression of his view, to the opinion that the election was void, and therefore afforded no justification for Sunday sales of alcoholic beverages. It was neither a judicial determination nor an administrative act subject to review by *certiorari*. He went no further than to say that, such being his opinion, Sunday sales would impose upon him the duty of action as for violation of the law. In venturing this opinion, he was exercising a right common to all—*i. e.*, to disregard an action that, for jurisdictional lack, is a nullity, and therefore subject to collateral attack. *Maguire* v. *Van Meter*, 121 *N. J. L.* 150.

It is the settled rule in this court that *"certiorari* will not lie to revise or correct erroneous opinions, however hurtful they may be to individuals concerning whom they are expressed. An order, judgment or determination affecting the rights of prosecutors is necessary as a foundation for the use of the writ. * * * The writ of *certiorari* cannot be used to draw judicial opinions in advance or to affect adjudications of subordinate tribunals." *Newark* v. *Fordyce*, 88 *N. J. L.*

440; *Livingston* v. *Rector, &c., of Trinity Church,* 45 *Id.* 230; *Drake* v. *Plume,* 44 *Id.* 362; *Watson* v. *Medical Society of New Jersey,* 38 *Id.* 377.

The desire of prosecutor to have a judicial review of the opinion thus given is understandable; but it would be a decided innovation—at variance with settled principles that make for orderly administration of justice and also productive of needless litigation—to anticipate, on the basis of a mere expression of opinion as to the state of the law or its application to the facts of a given case, the ultimate action of a statutory tribunal in the exercise of judicial or *quasi*-judicial powers after hearing had on notice to the parties.

There is therefore no occasion to express an opinion on the validity or effect of the last referendum; and we reserve that question.

The writ is accordingly dismissed, but without costs.