JOHN L. HIGGINS, PROSECUTOR, v. CIVIL SERVICE COM-
MISSION OF THE STATE OF NEW JERSEY, RESPOND-
ENT.

Argued January 23, 1947—Decided February 18, 1947.

· Before Justices Bodine, Perskie and Wachenfeld.

For the prosecutor, *William K. Flanagan.*

For the respondent, *Walter D. Van Riper* and *John W. Griggs.*

The opinion of the court was delivered by

Bodine, J.    The prosecutor of this writ became a civil
service employee on May 1st, 1939.    His first appointment
was as an examiner in the Motor Vehicle Division.    Later he
qualified as an inspector of motor fuel retail sales through
competitive examinations, and on October 1st, 1943, was given
the title of investigator with a salary range of $2,400 to $3,000
per year.    On July 24th, 1944, the Civil Service Commission
notified him that he had been allocated to the position of·
junior investigator at a salary range of $1,800 to $2,280 a
year.    Certain other persons, who had been in the department
and had not successfully competed with prosecutor, were
designated as senior investigator with a salary range from
$3,000 to $3,600.

The changes as to the others were not as a result of promo-
tional examinations; hence the prosecutor complains.

The legislature by chapter 162 of the laws of 1943, *Pamph.
L., p.* 472, appointed a commission to study the personnel
employed by the various state departments, their duties and

compensation, in order to effectuate an equalization of compensation for the requirements of similar duties and the payment of salaries commensurate therewith. The task was, of course, a gigantic one.

By chapter 65 of the laws of 1944, *Pamph. L., p.* 125, the Civil Service Commission Act was amended. *R. S.* 11:5–1 was amended in the following particular: "The commission * * * shall * * * b. Adopt, within ten days after the report to the Legislature of the legislative commission constituted by chapter one hundred sixty-two, laws of one thousand nine hundred and forty-three, the classification and *compensation plan* incorporated in such report * * *."

This the commission did with the result that the prosecutor now holds the position and is in the salary range provided in the report.

The entire civil service system is a creature of statute. The commission is created by statute and performs statutory duties. It seems to us that since the commission was obliged to adopt the classification report, and there is nothing to show that they did otherwise, the prosecutor is not entitled to anything more than he received. Dissatisfaction always occurs when there is a reclassification in the public service. It does not follow that because the commission might have changed the classification that they were obliged to do so, and we know of no provision of law which enables us to substitute our judgment for the commission within the scope of their authority.

The writ will be dismissed, but without costs.