31 N.J. Super. 39 (1954)
105 A.2d 874
HERBERT F. CARLS, VALENTINE DEL NEGRO, JAMES J. MALAN, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND WARREN J. GAFFNEY, COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1954.
Decided June 4, 1954.
*41 Before Judges EASTWOOD, JAYNE and SMALLEY.
*42 Mr. James M. Davis, Jr., argued the cause for the plaintiffs-appellants.
Mr. John F. Crane, Deputy Attorney-General, argued the cause for the defendants-respondents (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
Presently, the appellants are employees of the Department of Banking and Insurance (hereinafter referred to as "Banking Department"), and are classified by the Civil Service Commission (hereinafter referred to as "Commission"), as Examiners, Grade II. Previously, they held the position of Principal Examiner. The change of title resulted from the action of the Commission on February 19, 1952, whereby it eliminated from the classification plan the positions of Examiner, Senior Examiner and Principal Examiner, and adding to the classification plan the positions of Examiner I, Examiner II, Examiner III and Examiner IV. On the appellants' service records the assignment as Examiners, Grade II, were noted on April 1, 1952. All persons formerly holding the position of Senior Examiner were similarly reclassified as Examiners, Grade II.
No appeal was taken by the appellants from the action of the Commission changing their classification. However, on January 29, 1953, under the authority of the Uniform Declaratory Judgments Law, N.J.S. 2A:16-50 et seq. and Rule 3:81-10 (now R.R. 4:88-10), they filed with this court their petition for a declaratory judgment, wherein they charged that the rule adopted by the Commission resulting in their reclassification was unreasonable, arbitrary, capricious, discriminatory and void and praying that judgment be entered declaring the rule to be illegal and void.
We are convinced that the proper procedure to review the aforementioned action of reclassification was by appeal rather than by petition for a declaratory judgment.
It is the settled rule that the Declaratory Judgments Law is applicable and appropriate in instances where there *43 is no final decision or rule of an administrative agency which could be reviewed by an existing remedy  in the instant case, through the medium of an appeal. The Uniform Declaratory Judgments Law is intended to furnish relief not obtainable by other procedures, and it may not be utilized as a substitute for existing remedies. In re Stone's Estate, 21 N.J. Super. 117 (Ch. Div. 1952); Abelson's, Inc., v. N.J. State Board of Optometrists, 3 N.J. Super. 332 (Ch. Div. 1949), modified on other grounds, 5 N.J. 412 (1950); Sayre & Fisher Brick Co. v. Dearden, 23 N.J. Super. 453 (Law Div. 1952).
In the instant case, the action of the Commission complained of was taken on February 19, 1952. It is apparent from an examination of their petition that the appellants acquired knowledge thereof around July 1, 1952 and promptly thereafter they protested the action of the Commission. Their petition was not filed until January 29, 1953, approximately six months after the presentation of their protest to the Commission. No appeal was timely taken and filed. R.R. 1:3-1 (formerly Rule 1:2-5). Weaver v. Tp. of North Bergen, 6 N.J. 475 (1951).
However, in view of the fact that the validity of the action of the Commission was thoroughly briefed and argued by the parties, we have carefully scrutinized the record and have given thoughtful consideration to the questions posed by the appeal.
The appellants contend that (1) the action of the Commission effected a reduction in rank, status and compensation, and in a loss of seniority rights or privileges; and (2) that the said action has the effect of depriving them of the constitutional right of appointments and promotions in the Civil Service that shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive.
The appellants concede that under the provisions of R.S. 11:7-2, the Commission has the authority to classify and reclassify positions. They do not contend that in accomplishing the reclassification there were any irregularities *44 in the proceedings taken by the Commission. It clearly appears that the Commission's action was within its discretion, was intended to and did affect a number of positions, and was not for the purpose of affecting specific individuals. Therefore, it is entitled to a presumption of validity. The burden of proving the invalidity thereof falls upon the petitioners. Welsh Farms, Inc., v. Bergsma, 16 N.J. Super. 295 (App. Div. 1951). The courts should not assume to exercise legislative powers specifically delegated to an administrative agency. Nor should the court substitute its judgment for that of an administrative agency. The comments of Judge Jayne, in Welsh Farms, Inc., v. Bergsma, supra, at pages 300, 301, are quite apt:
"Initially we are not insensible to the general principle that administrative regulations have in their support the rebuttable presumption of validity and that the administrative agency has acted lawfully, regularly, and not oppressively. State Board of Milk Control v. Newark Milk Co., supra; Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231 (1949); 42 Am. Jur. 680, § 240. * * *
However, if the measures invoked are within the lawfully delegated authority of the agency and tend to serve a legitimate interest of society, the wisdom, need and appropriateness of the course pursued is not ordinarily a justiciable question. Abelson's, Inc., v. N.J. State Board of Optometrists, 5 N.J. 412, 420 (1950); 42 Am. Jur. 610, § 209."
Cf. In re Port Murray Dairy Co., 6 N.J. Super. 285 (App. Div. 1950); Interstate Sanitation Comm. v. Township of Weehawken, 1 N.J. 330 (1949); Higgins v. Civil Service Commission, 135 N.J.L. 238 (Sup. Ct. 1947), affirmed 136 N.J.L. 636 (E. & A. 1948); Rubright v. Civil Service Commission, 137 N.J.L. 369 (Sup. Ct. 1948); Dutcher v. Department of Civil Service, 7 N.J. Super. 156 (App. Div. 1950).
Our consideration of the record and the arguments of counsel leads us to the conclusion that the reclassification of the appellants' positions has not resulted in any demotion, decrease in salary, decrease in responsibility, or the loss of any other substantial rights. It is true that the action of *45 the Commission has resulted in increasing the number of persons eligible for promotional opportunities to the position of assistant chief examiner and, perhaps, has been more beneficial to some of those who were similarly reclassified than to the appellants. However, such resulting circumstances do not constitute grounds for declaring the reclassification plan invalid.
The petition is dismissed.