HERMAN H. LEVY, complainant-respondent,

*v.*

MASSACHUSETTS ACCIDENT COMPANY, defendant-appellant.

[Argued October 25th, 1939.   Decided January 25th, 1940.]

*Mr. Richard J. Hughes,* for the complainant-respondent.

*Mr. Herman E. Dultz,* for the defendant-appellant.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a final decree entered in the court of chancery on the advice of Vice-Chancellor Buchanan in a suit for the reinstatement and specific performance of a non-cancellable disability policy issued and canceled by the defendant company. The facts involved and the pleadings up to a certain posture of the case, are fully set forth in the conclusions filed by the learned vice-chancellor which are reported in *124 N. J. Eq. 420.*

Subsequent to the filing of these conclusions, various motions were made and pleadings filed by both parties pertaining to the issue of election of remedies raised in defendant's answer in lieu of plea based upon the allegations contained therein that the complainant, prior to the filing of the bill of complaint, instituted a suit at law against the defendant on the policy in question and that by so doing repudiated his policy contract and thereupon made an election which was final and irrevocable and that he cannot maintain the present suit in chancery for the specific performance of the policy. The vice-chancellor, being satisfied that the answer in lieu of plea, without an allegation of availability of the legal remedy, was bad, granted defendant leave to amend the same to include such allegation; and on the basis of the assumption that such amendment had been made, denied complainant's motion to strike the answer in lieu of plea. Subsequently, however, upon learning that the amendment had not been made, the vice-chancellor notified the defendant that unless such amendment was promptly made the order denying complainant's motion to strike the answer in lieu of plea would be forthwith vacated and instead an order would be entered striking the answer in lieu of plea. The defendant refused to so amend and thereupon the vice-chancellor, having determined that an averment of availability of the action at law was necessary in a plea of election of remedies, granted complainant's motion to strike the pleading. Eventually a final decree was entered declaring the insurance policy in question to be valid and effectual in law and ordering that such policy be reinstated upon the payment of back premiums by the complainant.

The first question raised upon this appeal is whether the arrival of the premium payment at a post office box, rented by the defendant, after twelve o'clock noon, in fact after five P. M., but before twelve o'clock midnight of the anniversary date of the insurance policy was sufficient to renew the policy. The vice-chancellor held it was. As regards this question we have carefully examined the insurance policy as well as the stipulation of facts entered into and the law submitted by counsel for the respective parties, and have reached the conclusion that the vice-chancellor was fully justified in his interpretation of the terms of the insurance policy and correct in his application of the law thereto and to the facts· so stipulated.

The second question on this appeal raises an issue between the parties as to the nature of the defense of the election of remedies. The defendant, by his refusal to include an averment of availability of legal remedy, in effect denied the existence of this element in the defense. The defendant insists that an election was made when the complainant made a conscious choice of a remedy at law which was inconsistent with the remedy which he now seeks in equity. The defendant further contends that whether such a remedy at law did in fact exist or was available to the complainant is immaterial. The complainant insists that there is no election unless there be two inconsistent remedies, both of which are available to him.

Let us examine briefly the nature of this doctrine of the election of remedies. "Stated briefly, the essential conditions or elements of election of remedies are: (1) The existence of two or more remedies; (2) the inconsistency between such remedies; and (3) a choice of one of them. If any one of these elements is absent, the result of preclusion does not follow." *18 Am. Jur. 133* § *9*.

It would seem from this brief statement that the availability or existence of two inconsistent remedies is one of the important elements of the doctrine. It is difficult to see how there can be an election between two remedies, if one remedy is not available or has no existence for the complainant. This finds support in those cases where a party mistakes his remedy.

For example, where a party brings a suit for specific performance and the court for some reason or other determines that the remedy of specific performance is not available to him, such party is not barred from bringing his suit at law.

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right." *20 C. J. 21.*

Mr. Justice Heher in speaking for the supreme court of this state in *Adams* v. *Camden Safe Deposit and Trust Co., 121 N. J. Law 389,* points out: "The essence of the doctrine of election of remedies is the conscious choice, with full knowledge of the facts, of one of two or more inconsistent remedies * * *. To make the election conclusive, there must in fact be two inconsistent remedies available to the party seeking enforcement of the claimed right. Neither the mistaken assertion of a right that does not exist nor the unsuccessful invocation of an unavailable remedy operates as a definitive election."

Thus the defendant's insistence that the conscious choice of two inconsistent remedies constitutes the bar, fails to take into consideration the equally important element of the existence or availability of the two inconsistent remedies. Defendant's refusal to aver this element justified the vice-chancellor in striking its answer in lieu of plea which purported to set forth the bar of an election of remedies.

The final question on this appeal is one of pleading. Did the defendant properly plead the bar of an election of remedies?

"A plea in equity, in order to constitute a bar to the complainant's whole right of action, must aver every fact essential to make out a complete defense." *Mount* v. *Manhattan Co. (Chancery, 1886), 41 N. J. Eq. 211; Leyden* v. *Lawrence (Chancery, 1911), 78 N. J. Eq. 453.*

It follows that the availability of a remedy at law, being an essential element of the plea of the election of remedies in this case, should have been averred in the defendant's answer in lieu of plea. .

"An election of remedies being an affirmative defense, it must be pleaded in order to be available. Such plea should show that the remedy first sought was an available remedy as otherwise no election is shown." *20 C. J. 37.*

We are of the opinion that the various pleadings of the defendant were properly stricken and that the decree reinstating the policy of insurance and directing the complainant to pay to defendant the sum due by him for accrued premiums and allowing the complainant a counsel fee and taxed costs was properly entered.

The decree is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.