93 N.J. Super. 263 (1966)
225 A.2d 611
GOTTHELF KNITTING MILLS, INC., ETC., PLAINTIFF-RESPONDENT,
v.
LOCAL NO. 222, N.J. KNITGOODS WORKERS, INTERNATIONAL, ETC., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1966.
Decided December 12, 1966.
*265 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Sol D. Kapelsohn argued the cause for appellants (Messrs. Kapelsohn, Lerner, Leuchter & Reitman, attorneys).
Mr. Robert L. Garibaldi argued the cause for respondent (Messrs. Burke, Sheridan & Hourigan, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendants appeal from the grant by the Chancery Division of plaintiff's motion for voluntary dismissal of this action for an injunction as moot.
Defendant union in July 1965 was engaged in organizational picketing of plaintiff's Boonton manufacturing plant. In connection with the underlying controversy plaintiff and the union had filed charges of unfair labor practices against each other with the National Labor Relations Board (NLRB). On July 23, 1965 plaintiff filed a complaint for an injunction against the union, charging, among other things, threats of physical violence by the pickets against plaintiff's personnel and blocking of ingress and egress of vehicles at the plant entrance. The same day, upon the basis of a recital in the sworn complaint that unless a temporary restraining order *266 were issued without notice plaintiff would sustain substantial and irreparable injury, oral proofs were permitted to be taken ex parte, the court made oral findings that defendants were guilty of unlawful acts of blockage of plaintiff's entrances and of threats of violence to workers at the plant, and by order to show cause temporarily restrained such actions and any picketing in excess of two persons at each entrance and ten in front of the building. The order was made returnable July 28, 1965.
On July 27, 1965 defendants brought on for argument a motion for adjournment of the order to show cause and also to discharge the order and vacate its restraints on the grounds that plaintiff improperly failed to give defendants notice and that the order lacked provisions permitting application for dissolution or modification of the restraints and setting a date for expiration thereof. A supporting affidavit expanded the legal grounds for relief to include the contentions that plaintiff had elected its remedy by filing charges with the NLRB and that the issues were pre-empted for determination by that tribunal under the National Labor Relations Act. At the argument of the motion the court requested memoranda of law on the last-stated issues.
No decision was rendered on defendants' motion. Vacations of counsel for both sides and of the trial judge prevented a hearing on the order to show cause, which was adjourned to September 17, 1965 by an order of August 17. The order continued the restraints, and the order to show cause was thereafter adjourned to October 8, 1965. Defendants, while not objecting to the continuances, kept pressing the trial judge for a decision on their earlier motion to vacate the restraints.
On October 8, 1965, informally, and on October 22, 1965, formally, plaintiff applied for voluntary dismissal of the action on the ground that the matter was moot because the union had discontinued all picketing on August 18, 1965, following dismissal by the NLRB of its complaint of unfair labor practices by plaintiff. Defendants resisted the application on *267 grounds which may be summarized: (a) various procedural deficiencies in obtaining the restraint, principally the failure to give notice of the application therefor, violated the Anti-Injunction Act, N.J.S. 2A:15-51 to 58; (b) failure of the court to set aside the restraint as unwarranted had impeded defendants in their attempts to prove unfair labor practices by plaintiff before the NLRB, and had and would continue to handicap the union in organizing plaintiff's employees, and (c) dismissal of the complaint without adjudicating the motion would prejudice defendants' right to statutory costs and counsel fees under N.J.S. 2A:15-53.
The trial court found plaintiff's application for leave voluntarily to dismiss the complaint as moot to be warranted. It also denied defendants' motion for counsel fees. An order conforming to these determinations was entered, without costs to either party.
Our consideration of the appellate arguments satisfies us that some of the points argued need not be decided. The termination of all picketing by defendants on August 18, 1965 and thereafter did make the injunction suit moot from plaintiff's point of view. See Lake Charles Metal Tr. Council v. Newport Industries, 181 F.2d 820 (5 Cir. 1950). It remains, however, to determine whether the action was moot from defendants' point of view at the time the trial court granted plaintiff's motion.
Mootness is not refuted by defendants' argument that failure to adjudicate the merits of the temporary restraint affected their ability to organize plaintiff's employees or to obtain the cooperation of those employees in prosecuting unfair labor complaints. The dismissal of the complaint automatically vacated the restraints and left defendants free to pursue any lawful unionizing activity.
The only debatable argument against mootness is defendants' right to have been accorded a ruling on the merits of the restraint as determinative, in turn, of the right to counsel fee and costs under the Anti-Injunction Act. The statute provides that in the event of a subsequent denial of *268 injunctive relief (after a temporary restraint) or a reversal of the injunctive order on appeal, the parties enjoined are entitled to court costs and counsel fees. N.J.S. 2A:15-53. The mandatory nature of this provision, United States Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 356 (1962), leads us to conclude that the union's stake in a determination of at least some of the questions raised in its motion, as affecting its right to counsel fees and costs, prevented the cause to that extent from being terminable over the union's objection as moot. See also Commercial Can Corp. v. Local 810, etc. Teamsters, 61 N.J. Super. 369, 374 (App. Div. 1960).
However, as defendants conceded at oral argument, not any denial or reversal of injunctive relief once allowed will activate the mandatory counsel fee and costs provision of the statute. The ultimate determination in favor of the union must be on the merits of its activity, not for procedural defects in the proceedings. United States Pipe, etc. v. United Steelworkers of America, supra (37 N.J., at p. 356). But cf. Westinghouse Elec. Corp. v. Local No. 449, etc., 23 N.J. 170 (1957). The United States Pipe case may perhaps be read to leave the door ajar if the reversal or denial of relief is for procedural deficiencies which are the "fault" of plaintiff in the action. (37 N.J., at pp. 352-353, 363.) But that possible interpretation of United States Pipe will not help defendants here for we are satisfied that there was no greater fault imputable to plaintiff here in respect of the procedural deficiencies than to plaintiff in United States Pipe, which was held free from fault by our Supreme Court (37 N.J., at pp. 352-353), notwithstanding what this court found, and the Supreme Court assumed, to be some fairly serious procedural violations of the letter and spirit of the statute. United States Pipe, etc., Co. v. United Steelworkers of America, 59 N.J. Super. 240, 264-269 (App. Div. 1960); 37 N.J., at p. 352.
There is no point, in view of the foregoing, in reviewing the several procedural violations of the statute attendant *269 upon the grant of the temporary restraint, although we repeat what we said in United States Pipe, supra, as to the importance of punctilious observance by trial courts of all the provisions of the act in dealing with applications for labor restraints. Specifically, the determination of this appeal does not require a decision as to the soundness of defendants' argument that N.J.S. 2A:15-53 requires a suitor for a temporary labor restraint to show the court on an ex parte application that it could not give any notice whatever, even if only short notice by telephone, without sustaining substantial and irreparable injury. At the very least, no reported New Jersey decision has ever held to that effect, and plaintiff's default in that respect, were it now so to be held, and the restraint vacated on that ground, would not constitute a "fault" of plaintiff justifying imposition of mandatory counsel fees and costs against it, within our reading of the Supreme Court decision in United States Pipe, supra.
It consequently remains to consider whether defendants' undecided motion before the trial court made a showing of meritorious, as opposed to procedural, grounds for vacation of the restraint.
Defendants argue, first, that the conduct of their pickets was not shown to have been such as to justify a temporary restraint. We disagree. There was testimony which, if given credence by the trial judge, demonstrated physical blockage by pickets of cars attempting to bring an officer and employees of plaintiff into the plant grounds; mass picketing at entrances involving at times up to 30 pickets, and threats of physical violence against company employees and others bringing employees to work. Many of plaintiff's employees were staying home from work because of fear, and plaintiff had lost considerable business. There was evidence that these activities had increased during the days immediately prior to the entry of the restraint. We find the issuance of the temporary restraint to have been within the discretionary purview of the trial court on the facts adduced before it. *270 United States Pipe, etc., Co. v. United Steelworkers of America, supra (59 N.J. Super., at p. 263).
Defendants quote a comment by the trial judge to the effect that plaintiff's case "was a bit thin" and imply it had reference to plaintiff's showing on obstruction and threats of violence. This is completely unjustified. The comment was made on a later occasion and had reference solely, as clearly appears from the context, to the question raised by defendants as to whether ordinary police protection would not have given plaintiff adequate protection.[1]
Finally, defendants argue that the pre-emption of a controversy of this type in the NLRB by the National Labor Relations Act and the Labor Management Relations Act warranted dismissal of the action on their motion, particularly in view of the fact that plaintiff had made substantially the same complaint to the NLRB just prior to institution of this action. Were the position well-founded it would undoubtedly have constituted a meritorious as opposed to procedural ground for vacation of the restraint, thereby activating the costs and counsel fee section of the Anti-Injunction Act. But we do not regard the argument as tenable.
It is settled that the federal labor-management legislation, while ordinarily pre-emptive of all state-court jurisdiction over activities actually or arguably subject to the protections or prohibitions of the federal legislation, Blum v. International Ass'n of Machinists, AFL-CIO, 42 N.J. 389 (1964), does not preclude state-court power to enjoin violence or threat thereof, mass picketing or disorder threatening the public peace. Id., at p. 395; City Line Open Hearth, Inc. v. Hotel, Motel & Club Emp. U., 413 Pa. 420, 197 A.2d 614 (Sup. Ct. 1964). We have held above that the trial court here justifiably found conduct by defendants within that description, *271 and injunctive relief was therefore not precluded by any principle of federal pre-emption.
It makes no difference that prior to instituting the present action plaintiff had made the same complaints to the NLRB. See Mighty Knitting Mills v. Sinensky, 151 N.Y.S.2d 158, 161 (Sup. Ct. 1956); Precision Scientific Co. v. Internat. Union, etc., 2 Ill. App.2d 531, 120 N.E.2d 356, 362 (App. Ct. 1954).
The doctrine of election of remedies is not here applicable. First, the remedies before the Labor Board and in the court were not inconsistent. Levy v. Massachusetts Accident Co., 127 N.J. Eq. 49 (E. & A. 1940). Second, the remedy before the board, which is without injunctive power, would not be as adequate as that in Chancery, having in mind the nature of the activity for which relief was required. See Interstate Milk Handlers v. Hoffman, 34 N.J. Super. 356, 361 (App. Div. 1955), certification denied 18 N.J. 496 (1955).
It results from the foregoing that, although defendants were entitled to a decision on their motion to vacate the restraint before the determination of plaintiff's motion for voluntary dismissal, they were not legally aggrieved by the judgment entered. Similarly, denial of defendants' motion in the trial court for counsel fees was not an incorrect result. The entry of the order for dismissal without costs was within the discretion of the court.
Judgment affirmed; no costs.
NOTES
[1] That factor is not particularly relevant to the employer's rights under the Anti-Injunction Act of this State. United States Pipe, etc., Co. v. United Steelworkers of America, supra (59 N.J. Super., at pp. 263-264).