# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20363

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

Lyle W. Cayce
Clerk

JP MORGAN CHASE BANK, N.A.,

Plaintiff - Appellee

v.

CLASSIC HOME FINANCIAL, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:10-CV-1358

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Classic Home Financial, Inc. ("Classic") appeals the district court's grant of summary judgment in favor of JPMorgan Chase Bank, N.A. ("JPMC") on JPMC's claims for breach of contract, breach of warranties, representations, and covenants, and breach of indemnification. Classic also appeals the district court's grant of JPMC's motion to strike Classic's demand for a jury trial. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20363

## I.     Background

JPMC and Classic executed a Correspondent Origination and Sales Agreement (the "Agreement") for the "origination, sale, and transfer of conventional, FHA or VA residential mortgage loans."   Pursuant to the Agreement, Classic represented and warranted that (i) all of the loans purchased by JPMC were "insurable by private mortgage insurers" and "an appropriate certificate or other evidence of such insurance will be issued by the insurer," and (ii) the appraisal prepared in connection with the mortgaged property securing each loan provided an accurate estimate of the bona fide market value of that property.

The Agreement obligated Classic to repurchase any loan sold to JPMC at an agreed-upon repurchase price if:   (i) Classic breached any of its representations and warranties under the Agreement and failed to timely cure the breach; or (ii) JPMC repurchased any loan that it had conveyed, transferred, or assigned to a third party due to defects in the loan.   The Agreement also stated that Classic would indemnify JPMC for any breach made by Classic.   In addition, the Agreement provided that the enumerated remedies—repurchase and indemnification—were "in addition to and not to the exclusion of any and all rights and remedies available to [JPMC] at law or in equity including specific performance."   Finally, the Agreement contained a provision waiving both parties' right to a jury trial for any action arising from the Agreement.

JPMC purchased a number of mortgage loans from Classic under the Agreement, including two loans—"Loan E" and "Loan F"—that are the subject of this appeal.   For Loan E, JPMC obtained mortgage insurance from PMI Mortgage Insurance Co. ("PMI").   After completing a review of Loan E, PMI rescinded the insurance policy, determining that the property appraisal did not accurately reflect the value of the mortgaged property.   JPMC conducted a

review of Loan E and, after concuring with PMI's findings, demanded that Classic repurchase Loan E, but Classic failed to respond. JPMC subsequently foreclosed and sold the property securing Loan E and then requested that Classic compensate JPMC for the difference between Loan E's repurchase price and the amount obtained through liquidation, a sum sometimes referred to as the "make whole" amount. Classic failed to respond.

After purchasing Loan F from Classic, JPMC sold it to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Freddie Mac later requested that JPMC repurchase the loan after it concluded that certain borrower information was false. JPMC conducted a review of Loan F and, after concurring with Freddie Mac's findings, repurchased the loan. It demanded that Classic repurchase Loan F, but Classic failed to respond. After filing this action, JPMC foreclosed and sold the property securing Loan F; it then requested that Classic compensate JPMC for the "make whole" amount.

JPMC sued Classic as to seven mortgage loans, including Loan E and Loan F, that it purchased from Classic. After Classic answered and requested a jury trial, JPMC moved for summary judgment and moved to strike Classic's jury trial demand. The district court granted summary judgment in favor of JPMC on six of the seven mortgage loans, including Loan E and Loan F, and granted JPMC's motion to strike Classic's demand for a jury trial.[1] Classic appeals the grant of summary judgment as to Loan E and Loan F and the grant of JPMC's motion to strike Classic's demand for a jury trial.

---

[1] JPMC thereafter dismissed its claims with respect to the seventh loan.

No. 12-20363

## II.     Standard of Review

We review a district court's award of summary judgment de novo, applying the same standard as the district court. *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). We review rulings on evidentiary objections for abuse of discretion. *See McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008).

## III.     Discussion

Classic argues that the district court erred in granting summary judgment to JPMC on Loan E and Loan F because it contends that the Agreement limits JPMC to two remedies—repurchase or indemnification—and neither are available here.[2] Importantly, however, the Agreement specifically provided that repurchase and indemnification were "in addition to and not to the exclusion of any and all rights and remedies available to [JPMC] at law or in equity including specific performance." JPMC was therefore entitled to seek compensatory damages. *See Totaro, Duffy, Cannova & Co., L.L.C. v. Lane, Middleton & Co., L.L.C.*, 921 A.2d 1100, 1107 (N.J. 2007)[3] ("Compensatory damages put the innocent party into the position he or she

---

[2] Specifically, Classic argues that repurchase is not available because JPMC waived its right to this remedy when it elected to foreclose and sell the properties securing Loan E and Loan F. Further, Classic contends that indemnification is not applicable here because JPMC is seeking to recover for its own losses and not for the losses of a third party for which it is liable.

[3] The Agreement provided that its terms and their interpretation would be governed by the laws of the State of New Jersey without giving effect to its principles of conflicts of law.

4

No. 12-20363

would have achieved had the contract been completed. . . .  Most often, courts award compensatory damages in a breach of contract action.").

Classic further argues that JPMC's recovery of compensatory damages on Loan E and Loan F is barred by the "election of remedies" doctrine because JPMC chose to foreclose and sell the properties securing Loan E and Loan F. "[E]lection of remedies . . . is an affirmative defense that must be pleaded." *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 790 (5th Cir. 1991) (internal quotation marks and citation omitted); see *Levy v. Mass. Accident Co.*, 11 A.2d 79, 81–82 (N.J. 1940) (election of remedies is an affirmative defense); *see also* Fed. R. Civ. P. 8(c) (affirmative defenses must be pleaded).  Failure to plead an affirmative defense generally results in its waiver.  *See EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 n.30 (5th Cir. 2012); *Vanhoy v. United States*, 514 F.3d 447, 450 (5th Cir. 2008).  Classic failed to plead "election of remedies" and it has therefore waived this affirmative defense; accordingly, we need not decide whether such a defense would have merit under these facts.

Finally, Classic argues that JPMC did not sustain its burden of proof to establish that Classic breached the Agreement with respect to Loan E.  In support of its motion for summary judgment, JPMC relied on two documents: (1) a letter from PMI rescinding the mortgage insurance for Loan E (the "PMI Letter"), and (2) JPMC's internal underwriting review of Loan E (the "Underwriting Revew") with an attached declaration of a business records custodian.

In the PMI Letter, PMI stated that it was rescinding the mortgage insurance policy for Loan E, because, *inter alia*, Loan E's property appraisal did not accurately reflect the value of the mortgaged property securing the loan.  Although Classic argued that this document contained hearsay, the district court considered the PMI Letter not for the truth of the matters asserted therein, but as evidence that JPMC had received notice both that the

5

mortgage insurance policy was rescinded and that PMI had asserted that the loan file on Loan E contained a number of misrepresentations. *See Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1090 (5th Cir. 1988) ("[A] statement does not fall under the hearsay rule if it was offered, not to prove the truth of the matter asserted, but to prove that the statement was made."); *see also* Fed. R. Evid. 801(c)(2).

In the Underwriting Review, JPMC similarly concluded that Loan E's property appraisal did not accurately reflect the value of the mortgaged property securing the loan. The district court held that the Underwriting Review was admissible as a business record. *See* Fed. R. Evid. 803(6). Classic contends that the Underwriting Review is inadmissible double hearsay because it completely relied on findings contained in the PMI Letter, an unattached review appraisal conducted on JPMC's behalf, and an unattached retroactive appraisal conducted on PMI's behalf. *See* Fed. R. Evid. 805; *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person.").

However, the Underwriting Review makes clear that, while it addressed the findings contained in the unattached appraisals and the PMI Letter, JPMC separately conducted its own fraud investigation and made independent findings that did not rely on those documents. This investigation found that the original appraisal had relied on comparable home sales from a different neighborhood than the neighborhood where the mortgaged property securing Loan E was located. It also found that the original appraisal had concluded that the mortgaged property securing Loan E had increased $200,000 in value in the span of one month due solely to "cosmetic updates and appliances" and "TLC." Based on these red flags, it concluded: "Value is not supported." The district court did not abuse its discretion, therefore, in overruling Classic's

No. 12-20363

"double hearsay objection" to admitting these statements from the independent findings of JPMC's fraud investigation under the business records exception. *See United States v. Gurr*, 471 F.3d 144, 152 (D.C. Cir. 2006) (analyzing specific statements within a report for double hearsay, while finding that "most of the report appears to be admissible as . . . course-of-business observations under the exception of Fed. R. Evid. 803(6)").[4]

AFFIRMED.

---

[4] Because we affirm the district court's grant of summary judgment in favor of JPMC, we conclude that the challenge to the district court's striking of the jury demand is moot. Additionally, in its brief, Classic argued that the award of attorney's fees "should be reconsidered" "pending the outcome of this appeal." Because we affirm in full and Classic makes no other challenge to the fee award, we conclude that Classic is not entitled to relief on this issue.