UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND (INSURANCE CARRIER OF TOWNSHIP OF GALLOWAY, A MUNICIPALITY OF THE STATE OF NEW JERSEY), PETITIONER, v. MARY THIRION, DEPARTMENT OF LABOR OF THE STATE OF NEW JERSEY, WORKMEN'S COMPENSATION BUREAU, AND TOWNSHIP OF GALLOWAY, RESPONDENTS.

Argued May 3, 1939—Decided July 31, 1939.

Before Justices CASE and HEHER.

For the petitioner, *Carroll & Taylor* (*A. Millard Taylor*).

For the respondent Mary Thirion, *William Charlton*.

The opinion of the court was delivered by

CASE, J. The status in which the case comes to us is that the insurance carrier and the claimant have stipulated a state of facts, whereupon the carrier moves, and the claimant agrees, that this court determine the compensation that, in weekly installments, is due to the claimant.

The claim of Mrs. Thirion arises out of *R. S.* 34:15-74/76 (originally enacted as chapter 172, *Pamph. L.* 1931, with the title "An act authorizing and requiring municipalities and fire districts to provide compensation insurance for volunteer firemen"). Those statutory provisions are a part of chapter 15 of title 34 (Workmen's Compensation). *R. S.* 34:15-49 provides that "the commissioner, the deputy commissioners and the referees, appointed pursuant to section 34:1-57 of

this title, sitting individually or together, shall have exclusive original jurisdiction of all claims for compensation arising under this chapter." *R. S.* 34:15-76 provides that all payments to volunteer firemen "shall be governed by and be subject to the provisions of this chapter." The jurisdiction of the commissioner is apparently recognized by the parties. Petitioner, for reasons that are not stated, names the Department of Labor and the Workmen's Compensation Bureau as parties respondent herein. These agencies do not appear. A companion case, *In re George Mauroff,* according to the allegations of the petition, was heard and determined by the commissioner. We entertain no doubt that the commissioner had jurisdiction to hear and determine Mrs. Thirion's claim; and since he had original jurisdiction, that jurisdiction was, in the wording of the statute, exclusive. We are confronted with the question whether parties to an existing issue, ripe for action, over which a statutory tribunal has exclusive original jurisdiction, may, by co-operative procedure, by-pass that tribunal and move initially into an appellate court. We think that they may not. The purpose of the Declaratory Judgments act as stated within the statute itself, *R. S.* 2:26-67, is "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." The parties hereto have no occasion to remain uncertain or to be insecure with respect to their rights. The claimant would doubtless already have institued her suit in the statutory way had not the petitioner undertaken to pay her the maximum statutory amount, namely, $20 per week, pending the determination of this proceeding, without prejudice and subject to such change or modification as this court, may determine.

We think that the legislature did not intend, by the Declaratory Judgments act, to substitute an appellate court for a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes. A contrary view would, we apprehend, lead to great confusion in the practice.

The petition will therefore be dismissed, with costs.