PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY ET AL., RESPONDENTS.

INVESTORS' SYNDICATE, APPELLANT, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY ET AL., RESPONDENTS.

Argued February 6, 1941—Decided April 25, 1941.

"This action is brought under the Uniform Declaratory Judgments law of this state. *R. S.* 2:26-66, *et seq.*

"It is alleged in the complaint that the defendants, the Unemployment Compensation Commission of New Jersey and Harold G. Hoffman as executive director thereof have made certain determinations as to the status of the general and special agents of the plaintiff company and have determined that they are employes of the plaintiff within the provisions of the Unemployment Compensation law, particularly section 43:21-19, subdivision (6) thereof, and that by reason thereof the commission has directed the plaintiff to report the remuneration received by such agents and to make contributions thereon. Plaintiff was notified that unless contribution reports were received by the commission April 1st, 1940, it would proceed with arbitrary assessment and legal action to collect the contributions. This action was instituted March 29th, 1940.

"The complaint further alleges justiciable controversies exist and further says that if the Unemployment Compensation law applies to the general and special agents of the plaintiff, it is unconstitutional, they being independent contractors.

"The Unemployment Compensation Commission and its director have been named as parties defendant since they are the administrative officials designated by the Unemployment Compensation law. The Attorney-General was named a party because it is contended by the plaintiff that if the law is applicable to general and special agents it is unconstitutional. The Uniform Declaratory Judgments law requires that he be named as a party where a statute is alleged to be unconstitutional. *R. S.* 2:26-72. A general agent and eight special agents are made parties defendant as parties having an interest which would be affected by any declaration in this cause.

"The commission and the director have appeared specially to deny the jurisdiction of the court, and to move for a dis-

missal of the complaint upon the grounds that the cause of action is against the State of New Jersey in so far as they are concerned, and that a cause of action for a declaratory judgment does not lie as to them without the consent of the state.

"The Attorney-General moves to strike and dismiss the complaint upon the grounds that a justiciable controversy does not exist, that the plaintiff has other and adequate remedy, and that any judgment entered in these proceedings would not terminate the uncertainty or controversy giving rise to the proceedings.

"Voluminous and exhaustive briefs have been submitted. I have carefully examined and studied same.

"For the purpose of disposing of this motion I need be concerned with only two grounds, that the cause of action is against the state and therefore does not lie, and that the plaintiff has other and adequate remedy.

"Many authorities and cases are cited to me by the plaintiff but the Supreme Court of this state, speaking through Mr. Justice Heher in *Empire Trust Co.* v. *Board of Commerce and Navigation,* 124 *N. J. L.* 406, has disposed of both questions. As to suits against a state agency, and it must be admitted that the Unemployment Compensation Commission is a state agency, the court said: 'It is embedded in our jurisprudence that the state is not suable in its own courts without its consent, and that a suit brought against a state agency is, in fact, a suit against the state if the judgment sought would operate to control the action of the state or subject it to liability,' citing *Strobel Steel, &c., Co.* v. *State Highway Commission,* 120 *Id.* 298. It is argued that this rule applies only where the state might be required to pay funds out of its treasury, or where state funds or property might be affected and that no such situation is presented here. The contention, if sound, is effectively met by the decision of the Supreme Court of North Carolina in *The Prudential Insurance Company of America* v. *Powell et al.,* 217 *N. C.* 495, in a case similar to the instant one. Provision is made in our Unemployment Compensation law for the assessment, levy and collection of compulsory contributions by employers as defined in the act.

The moneys collected are held in a separate state fund and are disbursed by the state treasurer on requisitions of the Unemployment Compensation Commission. The members of the commission are appointed by the Governor. The contributions to the fund are not voluntary. They are compulsory and constitute a tax. The plaintiff seeks by this proceeding to have judicially determined whether certain of its agents are employes for the purpose of ascertaining its tax liability. The state then, through its *alter ego,* the Unemployment Compensation Commission is the real party in interest for the amount the state is entitled to collect from the plaintiff is directly involved and the judgment sought to be obtained here would operate to control the action of the state with respect to the collection of this tax.

"As to the ground that the plaintiff has other and adequate remedy, the Supreme Court again in *Empire Trust Co.* v. *Board of Commerce and Navigation et al., supra,* has said that where the injury complained of its remediable by *certiorari,* the Declaratory Judgments Act is not available.

"While the Unemployment Compensation law does not provide a method of review whereby an employer or employe may in advance of contributions litigate the question of liability therefor or the correct amount thereof, the act does set forth the procedure to be followed in interpreting the law and in enforcing its provisions. It is elemental that a review of the commission's determinations may be had by writ of *certiorari* to the Supreme Court. The Declaratory Judgments Act cannot be invoked as an alternative remedy. *Empire Trust Co.* v. *Board of Commerce and Navigation, supra.*

"The motion to strike out and dismiss the complaint will be granted and an order to that effect may be presented."

For the appellant Provident Mutual Life Insurance Co., *Katzenbach, Gildea & Rudner.*

For the appellant Investor' Syndicate, *Child, Riker, Marsh & Shipman.*

For the respondent, *Charles A. Malloy, Herman D. Ringle* and *David T. Wilentz,* Attorney-General.

The opinion of the court was delivered by

PARKER, J. We conclude that the judgment under review should be affirmed, and are content to rest that result on the second ground considered by the learned commissioner, viz., that an adequate remedy already exists, by way of *certiorari*.

The statute relating to unemployment compensation provides a systematic course of procedure and adjudication by original and appellate agents and bodies. When a claim is made for benefits there is to be an "initial determination" (*R. S.* 43:21-6 b) by an appointed "deputy" who is to examine and determine as to the validity of the claim. (We use substantially the language of the statute.) Within five days there may be an appeal (*Id.*) which is heard by an "appellate tribunal" (43:21-6, c.d.) and a final appeal to a "board of review" (43:21-10 d) which may decide on the record before it, or take further evidence (43:21-6, e). It is to make rules (f) and keep a complete record. And finally, the statute itself goes on to say in express words, that within a specified time limit the final decision of the board of review may be itself judicially reviewed by writ of *certiorari* directed to the board of review. (43-21-6, i.) In the case of Investors' Syndicate, it is admitted that the board of review has already passed on two cases involving the questions of merit presented in the present litigation, and that *certiorari* is now pending in one case, and application for a writ pending, or perhaps granted, in the other. Admittedly, the Supreme Court is open to review any decision by the statutory board of review involving legal rights of the parties, and, as always, the court decision is a precedent for similar cases. In the cases before us, certain individual employes are parties, but plainly not all of them, and more plainly not future employes. Hence, as regards those parties, a declaratory judgment would be no more than a precedent, like an ordinary judgment. In fact, the statute itself prescribes (2:26-72) that "all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding;" and (73) "no declaratory judgment or decree shall prejudice the rights of persons not parties to the proceeding."

As stated by the Supreme Court in *U. S. Fidelity, &c., Co.* v. *Thirion,* 123 *N. J. L.* 29, 30, "the legislature did not intend, by the Declaratory Judgments Act, to substitute an appellate court for a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes." See, also, *Empire Trust Co. Case,* 124 *Id.* 406, cited below.

On the ground of existing adequate remedy, the judgment under review will be affirmed. This makes it unnecessary to consider the claim that the cause of action is against the state through a state agency, though it may as well be pointed out that the decisions and acts of state agencies are reviewed daily by *certiorari.*

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.