34 N.J. Super. 356 (1955)
112 A.2d 574
INTERSTATE MILK HANDLERS, AN UNINCORPORATED ASSOCIATION, CLINTON MILK COMPANY, CONSUMERS DAIRY CO., INC., H. BAKER MILK COMPANY, INC., IDEAL DAIRY FARMS, LOTZ BROS. DAIRY, INC., RAY C. LOTZ, T/A MAPLECREST FARMS, MIDDLETOWN MILK AND CREAM COMPANY, INC., MILLER DAIRIES, INC., PURITAN DAIRY, PURITAN MILK COMPANY, PURITAN DAIRY PRODUCTS COMPANY, SHEFFIELD FARMS CO., INC., TUSCAN DAIRY FARMS, INC., AND TUSCAN FARM PRODUCTS COMPANY, PLAINTIFFS,
v.
FLOYD R. HOFFMAN, DIRECTOR OF THE OFFICE OF MILK INDUSTRY, DEFENDANT. SOUTH JERSEY MILK DEALERS ASSOCIATION, ET AL., INTERVENORS.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 4, 1955.
*357 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Samuel Kaufman argued the cause for the plaintiffs (Messrs. Bilder, Bilder & Kaufman, Mr. Arthur J. Sills (Messrs. Wilentz, Goldman, Spitzer & Sills) and Mr. Julius Stein (Messrs. Stein & Feinseth), attorneys).
Mr. Harold Kolovsky, Assistant Attorney-General, argued the cause for the defendant (Mr. Grover C. Richman, Jr., Attorney-General, by Mr. Joseph Lanigan, Deputy Attorney-General, attorney).
*358 Mr. Augustus C. Studer, Jr., argued the cause for the intervenors (Messrs. McCarter, English & Studer, Mr. John Martin, and Mr. Henry T. Reath (Messrs. Duane, Morris & Heckscher (of the Pennsylvania bar), attorneys)).
The opinion of the court was delivered by FRANCIS, J.A.D.
The Legislature has undertaken to regulate and control the production, distribution and sale of milk within the State of New Jersey. N.J.S.A. 4:12A-1 et seq. The Office of Milk Industry (formerly the Milk Control Board, N.J.S.A. 4:12A-2) was created to administer the act (N.J.S.A. 4:1-24, 4:1-25) and provision was made for the appointment of a chief administrative officer to be known as the Director. N.J.S.A. 4:12A-4.
The Director was given authority to license processors and various types of dealers in milk (N.J.S.A. 4:12A-28), to fix minimum prices to be charged for the sale of milk by the holders of licenses, to enforce the provisions of the act against the direct or indirect sale below the minimum prices established by him, and to suspend or revoke licenses for such violations after notice and hearing. N.J.S.A. 4:12A-21; 4:12A-22; 4:12A-29; 4:12A-30; 4:12A-34; 4:12A-35. The authority of the Director was extended to intrastate transactions and to those in interstate commerce to the extent that his regulations do not conflict with the "United States Constitution" and "the laws of the United States enacted pursuant thereto." N.J.S.A. 4:12A-49; 4:12A-50; Cf. B.R. Waldron, etc., Inc. v. Milk Control Board, 131 N.J.L. 267 (Sup. Ct. 1944), affirmed 131 N.J.L. 388 (E. & A. 1944); United States v. Rock Royal Co-operative, 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1939); Townsend v. Yeomans, 301 U.S. 441, 57 S.Ct. 842, 81 L.Ed. 1210 (1937); Dean Milk Co. v. City of Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951); People of State of Cal. v. Zook, 336 U.S. 725, 69 S.Ct. 841, 93 L.Ed. 1005 (1949).
*359 The plaintiffs herein applied for and obtained licenses under the act, thus evidencing that all or some part of their business operations were subject thereto and to the regulations of the Director.
On January 25, 1955 the Director issued an order requiring some of the plaintiffs, they being members of the Interstate Milk Handlers Association, to show cause why their licenses should not be suspended or revoked for violation of section 30 of the act (N.J.S.A. 4:12A-30) which forbids secret arrangements or agreements resulting in the sale of milk below fixed prices.
Prior to the hearing date plaintiffs, claiming to be engaged in interstate commerce and that the sales which had brought about the impending suspension or revocation proceedings were therefore not subject to the price regulations of the Director, instituted an action in the Chancery Division to enjoin the hearing. In addition to the injunction, said to be justified to prevent the irreparable injury which will follow if the licenses are revoked, a judgment was sought declaring that regulation of the sales in question is invalid as in conflict with the paramount federal power over interstate commerce, and declaring that certain administrative orders associated therewith while generally valid are unconstitutional when applied to these sales.
The Chancery Division being of the opinion that the jurisdiction to hear and determine the matter was in the Appellate Division, transferred the cause here in the interest of an expeditious disposition of it. An interim stay was granted until the matter could be presented to us. Plaintiffs filed a notice of appeal from the order of transfer. Because of the order of transfer and the notice of appeal we have considered the action as if instituted here originally and also as one brought up by normal appeal.
It is true that in certain situations involving the abuse or threatened unconstitutional use of power by an administrative agency where an imminent invasion of property rights was threatened, Chancery has permitted its injunctive power *360 to be invoked. Abelson's, Inc. v. N.J. State Board of Optometrists, 3 N.J. Super. 332 (Ch. Div. 1949), modified 5 N.J. 412 (1950); N.J. Used Car Trade Assn. v. Magee, 1 N.J. Super. 371 (Ch. Div. 1948); Howard Co. Jewelers v. N.J. State Board of Optometrists, 133 N.J. Eq. 4 (Ch. 1943). But compare: Moresh v. O'Regan, 122 N.J. Eq. 388 (E. & A. 1937); Brunetto v. Town of Montclair, 87 N.J. Eq. 338 (E. & A. 1917).
But in our judgment the cases relied upon by plaintiffs do not justify the Chancery Division in entertaining this complaint. The law presumes that the Director is aware of the statutory boundaries of his authority so far as they relate to intrastate and interstate sales of milk. It is a fair inference that plaintiffs considered their operations in New Jersey were in some measure such as to necessitate the acquisition of licenses. And it is conceded that the order and regulation referred to in the complaint are valid, but the claim is that they are being unconstitutionally applied to the sales in question. Under the circumstances of this case, it cannot be assumed that the Director will not grant a full and fair hearing on the order to show cause or that he will suspend or revoke these licenses through an arbitrary and unconstitutional exercise of power.
The authority delegated by the Legislature to deal with the milk problem in the interest of the public welfare should not be interfered with by the courts in a situation like the one now presented. To do so in advance of hearing on an order to show cause why the regulations should not be enforced, on the assumption that the Director will act in an ultra vires fashion, would be to destroy the utility of the agency as an instrument of the law-making body.
Moreover, from a practical standpoint the danger of irreparable harm resulting from an illegal order revoking the licenses is more imaginary than real. R.R. 4:88-12(a) permits application to the Appellate Division for a stay of any such order pending appeal therefrom under R.R. 4:88-8. In fact, "when necessary, temporary relief may be granted *361 without notice for a period not exceeding 10 days by the Appellate Division or a single judge thereof."
It may be noted also that to the extent the complaint seeks declaratory relief adjudging Order No. 54-2 establishing certain minimum prices and Regulation H-1 requiring the filing of certain reports by licensees to be incapable of valid application to the plaintiffs, the Chancery Division should not intervene. Courts generally exercise their discretion by declining to grant such relief when there is an adequate administrative remedy available. Provident Mutual, etc., Co. v. Unemployment Compensation Commission of N.J., 126 N.J.L. 348, 351 (E. & A. 1941); U.S. Fidelity & Guaranty Co. v. Thirion, 123 N.J.L. 29 (Sup. Ct. 1939); Borchard, Declaratory Judgments (2d ed. 1941), 342 et seq.; 6 Moore, Federal Practice (2d ed. 1953), 3089; note, 62 Har. L. Rev. 787, at 810. This doctrine has particular force when there is such a proceeding actively in progress in the administrative agency at the time the independent judicial intervention is sought.
On the record now before us we are of the opinion that the action should have been dismissed. However, since the order of transfer has been entered, the problem of whether the Chancery Division should have entertained the complaint has been dealt with here. Cf. R.R. 4:41-3. Consequently no prejudice has been suffered either because of the transfer or because of the refusal of the trial court to grant injunctive relief.
We cannot accept the view of the trial court that jurisdiction of the action is in the Appellate Division. There was no final judgment or action of the agency to warrant an appeal under R.R. 4:88-8; nor can it be said that the complaint represents a petition seeking a declaration as to the validity of an administrative rule under R.R. 4:88-10.
The order and regulation involved in the proceeding are concededly valid; only the legal propriety of their use is questioned. In such a situation the remedy is ordinarily by appeal after final judgment or action under R.R. 4:88-8 *362 and not under R.R. 4:88-10 which is designed to deal with the validity of "so-called quasi-legislative rules governing future conduct generally." Carls v. Civil Service Commission, 17 N.J. 215, 219, 220 (1955); Cf. Thornton v. Village of Ridgewood, 17 N.J. 499 (1955).
Accordingly, the appeal and the complaint are dismissed. As stated at the conclusion of the oral argument, we decline to grant any further restraint against the hearing on the order to show cause.