106 N.J. Super. 187 (1969)
254 A.2d 547
KENNETH HARTMANN, AN INFANT, BY HIS GUARDIAN AD LITEM, EDWARD R. HARTMANN, AND EDWARD R. HARTMANN AND ELIZABETH L. HARTMANN, INDIVIDUALLY, PLAINTIFFS,
v.
MAPLEWOOD SCHOOL TRANSPORTATION CO., A NEW JERSEY CORPORATION, BOARD OF EDUCATION, TOWNSHIPS OF MAPLEWOOD AND SOUTH ORANGE, AND T. WILLIAM VAIL, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 18, 1969.
*188 Mr. Arnold L. Koster for plaintiffs (Messrs. Shevick & Ravich, attorneys).
*189 Mr. Harold I. Braff for defendant Board of Education (Messrs. Braff, Litvak & Ertag, attorneys).
Mr. Hugh J. O'Gorman for defendant Maplewood School Transportation Co. (Messrs. Cunneen & O'Gorman, attorneys).
FULOP, J.S.C.
This is an action for a declaratory judgment. Plaintiffs move for summary judgment in their favor and defendant Board of Education, Townships of Maplewood and South Orange, moves for summary judgment in its favor. The other defendants have filed no brief, but defendant Maplewood School Transportation Co. joins in plaintiffs' contentions.
The case arises as follows. On May 2, 1966 the infant plaintiff Kenneth Hartmann, then 15 years of age and a resident of Maplewood, was a pupil in the school system operated by the defendant Board of Education of South Orange and Maplewood (hereinafter "board of education"). By arrangement between the defendant board of education and the Summit Board of Education plaintiff and other pupils attended special classes for slow learners at the Summit Junior High School. Defendant Maplewood School Transportation Co. (hereinafter "bus company") transported the children under a contract with defendant board. On the day in question a bus carrying plaintiff and other pupils and operated by defendant Vail, an employee of the bus company, left the roadway on Broad Street in Summit and struck a tree. The infant plaintiff was hopelessly crippled for life.
Plaintiffs instituted an action in this court for damages for the injuries and per quod damages against the same parties who are defendants in this action. The negligence action is still pending awaiting trial. The bus company is insured against liability to the limits of $100,000 for each person injured and $300,000 for each accident. The insurer has offered the full amount of its policy coverage, i.e. *190 $100,000, to plaintiffs in settlement. The board of education has indicated no interest in contributing toward settlement.
Plaintiffs and their attorneys believe that the damages far exceed $100,000. They believe that neither the bus company nor Vail has assets sufficient to respond to a substantial judgment in excess of the policy amount. They seek to persuade the board of education to contribute to settlement. The purpose of this action is to establish that the board of education is legally liable under N.J.S. 18A:16-6 to indemnify Vail for any sum recovered against him by plaintiffs. Plaintiffs reason that if they recover a judgment against Vail in excess of insurance coverage, and if it is uncollectible against Vail and the bus company, they may reach Vail's cause of action for indemnification and compel payment by the board of education. They argue that if the right of Vail to indemnity is established now, the board of education will be persuaded to contribute to the settlement of the negligence action.
I have grave doubt about the appropriateness of the declaratory judgment procedure. However, in view of the decision in LeFelt v. Nasarow, 71 N.J. Super. 538 (Law Div. 1962), affirmed o.b. 76 N.J. Super. 576 (App. Div. 1962), certification denied LeFelt v. Aetna Ins. Co., 39 N.J. 86 (1963), I shall deal with the merits.
N.J.S. 18A:39-2 empowers each board of education to provide transportation for pupils by a bus or buses owned by it or, in the alternative, to enter into contracts for such transportation. N.J.S. 18A:39-6 requires that liability insurance covering every bus transporting pupils and the drivers thereof to limits prescribed by the State Board of Education be provided by the local board as to its buses, or by the contractor as to buses operated under contract. Defendant board chose to contract for the transportation. The bus company provided the required liability coverage. Vail was an employee of the bus company.
The statute relied upon by plaintiffs is N.J.S. 18A:16-6, which reads as follows:

*191 "Indemnity of officers and employees against civil action.

Whenever any civil action has been or shall be brought against any person holding any office, position or employment under the jurisdiction of any board of education, including any student teacher, for any act or omission arising out of and in the course of the performance of the duties as such office, position, employment or student teaching, the board shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom; and said board may arrange for and maintain appropriate insurance to cover all such damages, losses and expenses."
This statute is the current form of a series of statutory provisions for the protection of school employees. The first of these was L. 1937, c. 125, which required boards of education to furnish counsel and defray designated legal expenses for "Any teacher, school nurse, school dentist, principal, supervisor, supervising principal, superintendent or janitor in any of the public schools of this State, against whom an action in damages is instituted for any act or acts arising out of, or in the course of his or her employment, * * *" L. 1938, c. 311, required every school board "to save harmless and protect all teachers and members of supervisory and administrative staff from financial loss arising out of" any claim for damages for negligence or other act resulting in accidental bodily injury incurred while the employee was acting within the scope of his employment or under the direction of the board. The board was given the option to provide insurance or furnish the protection out of its own funds.
The statement accompanying the 1938 bill read as follows:

"STATEMENT.
The matter of teacher liability for accidents resulting to pupils under school control has been much discussed during the past two or three years. It is the belief of many teachers that they may be held financially responsible if a child slips in a classroom or gymnasium and becomes injured or if accidents happen to children while participating in manual training or similar types of activities. Cases of other states have been cited to show that teachers may be liable for injuries due to alleged negligence by temporarily leaving a classroom or leaving defective playground apparatus available, by the use of *192 which a child is injured. This feeling of liability and the fact that teachers may lose their savings of a number of years because of suits brought against them for injuries has caused much perturbation of mind and has resulted in the belief that boards should protect them against such liability resulting in the course of their duties. The New Jersey legislature in 1937 provided that boards of education should pay the counsel fees for teachers who are sued for injuries resulting from other than corporal punishment. The New York legislature in 1937 adopted an act almost identical to the above bill."
The 1938 statute became N.J.S.A. 18:5-50.4. It was amended by L. 1955, c. 85, and again by L. 1965, c. 205 and L. 1967, c. 167. The provision was incorporated as N.J.S. 18A:16-6 in the revision of the school laws effective January 11, 1968.
The statement accompanying the 1955 bill read as follows:

"STATEMENT.
The purpose of this bill is to give protection to every person holding office, position or employment under the jurisdiction of a board of education from financial loss arising from alleged negligence or other act happening in the discharge of his duties and within the scope of his employment. P.L. 1938, c. 311 presently protects teachers and members of the supervisory and administrative staff from such financial loss arising from personal injury. Other employees including janitors who maintain and repair the grounds and buildings have no such protection and their compensation is not such as to imply that they have been paid or are paid to assume such risks. The bill also extends protection to all persons holding office, position or employment under the jurisdiction of a board of education from financial loss arising from a claim for damages to property. Courses in driver education and teachers and other employees who must travel by car from school to school make such protection necessary. At least one suit is pending against a school board employee otherwise unprotected and hence the bill is drafted to apply to any judgment entered after the act becomes effective."
These statutes have been construed to be for the sole benefit of the school employees covered. They have not created a new cause of action against a school board for the negligence of its servants, although recent decisions have recognized such a claim in some instances. However, even where the cause of action is solely against the employee, the *193 statute operates to make the entire assets of the school district available to satisfy a judgment obtained against the employee. Titus v. Lindberg, 49 N.J. 66 (1967). Tripus v. Peterson, 11 N.J. Super. 282 (Cty. Ct. 1950). Hare v. Pennell, 37 N.J. Super. 558 (App. Div. 1955); Falcone v. Board of Education, Newark in Essex County, 17 N.J. Misc. 75, 4 A.2d 687 (C.P. 1939).
No case hts been cited or found extending the right of indemnification to any person not an employee of a school board. The present statute does expressly include student teachers who are not employees. With that understandable exception, the terms of the statute and the purposes revealed by the legislative statements above quoted show a consistent purpose to provide protection against liability only to school employees of all classes. This is consistent with the practice in private industry. It is not unlike fringe benefits, such as hospitalization and medical service insurance frequently provided to employees. All are designed to render the employment desirable and permit the retention and recruiting of personnel, a purpose not applicable to the employees of contractors.
A person "holding any office, position or employment under the jurisdiction of" a board and performing the duties thereof, means a person who is employed by the board in any such capacity. It does not mean one employed by anyone else while doing work for the board. Words must be taken in context and the statute must be construed in conformity with its objectives. Surely the employee of a building, plumbing, electrical or excavating contractor doing work in or at a school would not be entitled to indemnification by the board for liability incurred.
Plaintiff's argue that Vail was an employee under the jurisdiction of the board of education because the board had a degree of supervisory power over the persons employed by the bus company to drive school buses under the contract. The board may investigate the character of each driver and those disapproved may not be employed. N.J.S. 18A:39-18 *194 and 19. Drivers must comply with health regulations applicable to board employees. The board designates the pupils to be transported and the times and places. State regulations prescribe safety rules to be followed by drivers and safety standards for the buses.
The supervisory powers referred to are police powers exercised to protect school children, a class of persons in whom the state has a special interest and who are especially vulnerable to physical injury, disease, and moral corruption. The board of education is acting in its public rather than in its proprietary capacity in enforcing these laws and regulations. The day to day operation of the buses, the assignment of drivers to particular trips, and all other details of supervision of the manner in which the work is performed are in the hands of the contracting bus company, subject only to the legal regulations and designation of the specific transportation to be performed. The bus company pays the drivers.
There is no proof in this case that defendant bus company was not a bona fide independent contractor. There is no proof that under the special facts of the case Vail was acting under the direct control and direction of the board as to the details of the manner in which he rendered his service. If it were established that Vail was in fact a servant of the board, or of both the board and the bus company, then the Board may be liable to plaintiffs under the common law doctrine of respondeat superior. The statute relied upon here does not create or negate such a relationship. Such a factual and legal complex should not be dealt with in this action for a declaratory judgment. If the facts warrant, they should be presented and determined on oral proof in the pending negligence action.
Plaintiffs also argue that the board of education had a nondelegable duty to transport the children under its supervision with safety. They cite Jackson v. Hankinson, 94 N.J. Super. 505 (App. Div. 1967), modified at 51 N.J. 230 (1968), and cases dealing with nondelegable duties in other situations. The duty of the board of education is that *195 of reasonable care. The suggestion is that the board should be held liable for the negligence of the employee of an independent contractor because the board would be liable if its own employee were operating the bus. It is said that the board should not be permitted to avoid vicarious liability by choosing to contract for the transportation. But N.J.S. 18A:39-2 and 6 expressly permit the board to do so and require insurance coverage. The State has an interest in safeguarding school funds for the benefit of all the children of the district which may outweigh its interest in providing unlimited recovery for an injured child and his parents. It is not unusual to provide limited coverage. For instance, a person injured by negligence in a hospital is limited to recovery of $10,000 by N.J.S. 2A:53A-8, and one injured by the negligence of an uninsured motorist or a hit-and-run driver may not recover more than $10,000 from the Unsatisfied Claim and Judgment Fund (N.J.S.A. 39:6-73). Here $100,000 was provided. It would be a usurpation of legislative functions for a court to hold that the board can not avoid liability by contracting for the transportation and securing the required insurance coverage from the bus company, when the Legislature has provided for just that. However, the issue of the direct liability of the board to plaintiffs is an issue in the negligence action. The declaratory judgment procedure is not available to preempt or anticipate the decision of the court in another pending action.
The only matter that can with any degree of justification be determined by declaratory judgment in this action is that on the face of N.J.S. 18A:16-6, in the light of its history, a driver of a bus employed by one under contract with a board of education to transport school children is not entitled to be indemnified by the school board for liability incurred in that employment.
Plaintiffs' motion is denied. Defendant's motion for summary judgment is granted.