157 N.J. Super. 532 (1978)
385 A.2d 268
REGISTRAR & TRANSFER COMPANY, PLAINTIFF,
v.
DIRECTOR OF DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 28, 1978.
*536 Mr. James F. Keegan argued the cause for plaintiff (Messrs. Pitney, Hardin & Kipp, attorneys; Mr. James F. Keegan and Mr. Gerald C. Neary on the brief).
Mr. Harry Haushalter, Deputy Attorney General, argued the cause for defendant (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
KENTZ, J.S.C.
This matter is before the court on cross-motions for summary judgment. R. 4:46. Plaintiff is the Registrar & Transfer Co. (Registrar), a registrar and transfer agent for securities of publicly held corporations, and defendant is the Director of the New Jersey Division of Taxation (Division). The substantive issue presented is whether certain materials stored by Registrar are taxable under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. (Supp. 1977-1978).
Registrar stores for various periods of time materials which plaintiff terms "informational documents." These materials *537 include cancelled stock certificates, documents attached to each certificate relating to its cancellation, cancelled checks, transfer sheets, miscellaneous receipts, registered mail envelopes and "window tickets" (receipts issued upon presentation of stock certificates). All of these documents are cancelled, closed, voided or time-expired and are maintained for limited periods as a method of preserving the information contained in the documents. No specific charge for the storage of these materials is imposed.
On April 27, 1977 Registrar was advised by the Division that it intended to assess a sales tax against Registrar or its customers on charges imposed for the storage of these "informational documents." Based upon this forewarning, Registrar commenced the present suit seeking a declaratory judgment determining that a sales tax charge for storing tangible personal property under N.J.S.A. 54:32B-3(b)(3) does not cover Registrar's storage of intangibles, i.e., the information contained on these "informational documents."
Subsequently, on August 3, 1977, more than two months after the institution of this action, the Division assessed a sales tax, penalty and interest against Registrar in the amount of $3,709.89 for the storage of these documents for the period from January 1, 1966 to March 31, 1977. Registrar's motion for summary judgment was filed on November 28, 1977. On December 8, 1977 defendant filed its cross-motion for summary judgment and/or a dismissal of the complaint on the grounds that this action constitutes a complaint in lieu of prerogative writs properly cognizable in the Appellate Division pursuant to R. 2:2-3(a)(2) and that plaintiff has failed to exhaust the appropriate administrative remedies.
After hearing oral arguments on these motions, the court reserved its decision pending the filing by Registrar of an affidavit providing more details on the type of materials stored. On December 30, 1977, prior to the receipt of the requested affidavit, the Division issued its final determination regarding taxation of Registrar's receipts from *538 "storage of the intangible personal property." (Emphasis supplied). The Division determined that Registrar was liable for a deficiency of $5,518.46.
After reviewing the complaint, the answer and the accompanying affidavits, I find that there is no material fact in dispute and that this matter is ripe for summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74 (1954).
Before I address the basic question of whether the "informational documents" stored by Registrar constitute tangible personal property for the purpose of taxation under N.J.S.A. 54:32B-3(b)(3), I must decide whether the court has jurisdiction over this matter under the Declaratory Judgments Act, N.J.S.A. 2A:16-50 et seq.
Declaratory relief may be granted by any Division of the Superior Court. Abbott v. Beth Israel Cemetery Ass'n, 13 N.J. 528, 539 (1953); Government Employees Ins. Co. v. Butler, 128 N.J. Super. 492, 495 (Ch. Div. 1974). This relief is not characterized as either "equitable or legal, but takes on the color of either, depending upon the issue involved." Id.; accord, Util. Blade & Razor Co. v. Donovan, 33 N.J. Super. 566, 572 (App. Div. 1955). In the instant case Registrar is requesting both injunctive and declaratory relief. Where the relief involved is primarily equitable, such as an injunction, a declaratory judgment action can be maintained in the Chancery Division. See National-Ben Franklin Fire Ins. Co. v. Camden Trust Co., 36 N.J. Super. 249, 254-255 (App. Div. 1955), aff'd 21 N.J. 16 (1956).
The next question to be answered is whether there exists a justiciable controversy. A primary procedural requirement for a declaratory judgment action is that there exists a real controversy between the parties. N.J. Home Builders Ass'n v. Civil Rights Div., 81 N.J. Super. 243, 250 (Ch. Div. 1963), aff'd on other grounds sub nom. David v. Vesta Co., 45 N.J. 301 (1965); Hammond v. Doan, 127 N.J. Super. 67, 71 (Law Div. 1974); Unsatisfied Claim *539 & Judgment Fund Bd. v. Concord Ins. Co., 110 N.J. Super. 191, 196 (Law Div. 1970). In the instant case, Registrar is seeking a judicial declaration that its "informational documents" are intangible and therefore nontaxable. The Division, by its answer, has directly controverted plaintiff's contention by asserting that these items are tangible and hence taxable. Where one party definitively asserts legal rights and such rights are positively denied by the other party, a justiciable controversy exists. Union Cty. Bd. of Chosen Freeholders v. Union Cty. Park Comm'n, 77 N.J. Super. 425, 432 (Law Div. 1962), rev'd on other grounds, 41 N.J. 333 (1964). Furthermore, "no wrong need be proved, but the mere existence of a claim or threat of a possible claim disturbing the peace or freedom of the plaintiff by casting doubt or uncertainty upon the plaintiffs' right or status establishes the requisite condition of justiciability." Trustees of Rutgers College v. Richman, 41 N.J. Super. 259, 284 (Ch. Div. 1956). Registrar has been threatened with a possible tax assessment and seeks judicial guidance as to whether it must collect a sales tax. Based upon this factor and defendant's denial of Registrar's legal claim, I conclude that a justiciable controversy exists between these parties.
A more difficult question for the court is whether Registrar has other adequate remedies which would bar this suit for a declaratory judgment. "A judgment for declaratory relief, if appropriate, is not precluded by the existence of another appropriate remedy." R. 4:42-3; accord, Vonins, Inc. v. Raff, 101 N.J. Super. 172, 177 (App. Div. 1968) (declaratory relief granted in Superior Court even though action was pending in County Court); Unsatisfied Claim & Judgment Fund Bd. v. Concord Ins. Co., supra, 110 N.J. Super. at 196; Weinstein v. Newark, 100 N.J. Super. 199, 205 (Law Div. 1968). Whether such relief is appropriate and should be granted rests in the sound discretion of the court. E.g., Weissbard v. Potter Drug & Chem. Corp., 6 N.J. Super. 451, 455-456 (Ch. Div. 1949), aff'd per curiam *540 4 N.J. 115 (1950); Empire Trust Co. v. Commerce & Navigation Bd., 124 N.J.L. 406, 411 (Sup. Ct. 1940). Despite this broad judicial discretion, declaratory relief should be denied "where another remedy would be more effective or appropriate." Adams v. Atlantic City, 26 N.J. Misc. 259, 261 (Sup. Ct. 1948) (citations omitted); see, e.g., Util. Blade & Razor Co. v. Donovan, supra 33 N.J. Super. at 571; Hammond v. Doan, supra 127 N.J. Super. at 72.
In order to determine if a more effective remedy is available to Registrar, I have reviewed the cases wherein declaratory relief was denied on this ground. Several basic principles are clear. First, a declaratory judgment should not be granted "to preempt or anticipate the decision of the court in another pending action." Hartmann v. Maplewood School Transp. Co., 106 N.J. Super. 187, 195 (Law Div. 1969), aff'd per curiam 109 N.J. Super. 497 (App. Div.), certif. den. 57 N.J. 124 (1970). But this principle is not blanketly followed. The Hartmann court, while noting its "grave doubt about the appropriateness of the declaratory judgment procedure," 106 N.J. Super. at 190, went to the merits of the indemnification issue even though the question of direct liability was pending in another court. Id. at 189-190. See also Vonins, Inc. v. Raff, supra, 101 N.J. Super. at 175-177 (declaratory judgment granted in Chancery Division on issue of rights under contract to certain merchandise while same issue was pending in the County Court); Unsatisfied Claim & Judgment Fund Bd. v. Concord Ins. Co., supra 110 N.J. Super. at 194, 200 (declaratory judgment action permissible on issue of proper parties to defend in a county court action even though liability suit was pending in the County Court).
Second, an action for declaratory judgment "cannot be used as a substitute for an appeal."[1]Nolan v. Judicial *541 Council of Third Circuit, 346 F. Supp. 500, 512 (D.N.J. 1972) (dismissed mandamus since court would in effect be reviewing decision of a coequal district court), aff'd sub nom. In re Imperial "400" Nat'l, Inc. v. Nolan, 481 F.2d 41 (3d Cir.1973), cert. den. 414 U.S. 880, 94 S.Ct. 68, 71, 38 L.Ed. 2d 125 (1973).
Third, and a corollary to the second principle, a suit for a declaratory judgment should not be used "to substitute an appellate court for a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes." U.S. Fidelity & Guar. Co. v. Thirion, 123 N.J.L. 29, 29-30 (Sup. Ct. 1939) (declaratory relief denied where workmen's compensation commission had exclusive original jurisdiction over issue ripe for action).
Fourth, this type of relief should not "be utilized defensively to bag in advance an imminent and impending law suit." Ewing v. Trenton, 137 N.J. Eq. 109, 110 (Ch. 1945); accord, Independent Tape Merchant's Ass'n v. Creamer, 346 F. Supp. 456, 461 (M.D. Pa. 1972) (not to "be granted if its issuance appears calculated to reward the winner of a race to the courthouse"); Donadio v. Cunningham, 58 N.J. 309, 325 (1971) (not to be used as "an attempt to have the court adjudicate in advance the validity of a possible defense in some expected future law suit") (citations omitted); Rego Indus., Inc. v. American Modern Metals Corp., 91 N.J. Super. 447, 452 (App. Div. 1966) (denial of declaratory relief "where the controversy had progressed to a point where relief could be obtained in an ordinary law suit").
Fifth, it is strongly cautioned that declaratory relief not be used "to replace an administrative or other specific, statutory procedure for relief." Adams v. Atlantic City, supra 26 N.J. Misc. at 261-262 (citations omitted); *542 see Abbot v. Beth Israel Cemetery Ass'n, supra 13 N.J. at 539-540 (condemnation proceedings found adequate remedy); U.S. Fidelity & Guar. Co. v. Thirion, supra 123 N.J.L. at 29-30 (workmen's compensation commission had exclusive, statutory original jurisdiction). But see Unsatisfied Claim & Judgment Fund Bd. v. Concord Ins. Co., supra 110 N.J. Super. at 194-196 (existence of statutory remedy held not to preclude declaratory judgment). A corollary of this guideline is the exhaustion-of-administrative-remedies principle. "[T]he strong policy in favor of exhaustion of administrative remedies applies" to requests for declaratory judgment. Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 139 (1962); see Caldaro v. Ferber, 39 N.J. 314, 316-317, 322-323 (1963); Central R.R. Co. v. Neeld, 26 N.J. 172, 178-182 (tax assessment case), cert. den. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958); Equitable Life Mtg. & Realty Investors v. N.J. Div. of Taxation, 151 N.J. Super. 232, 239 (App. Div. 1977). Furthermore, administrative remedies should be pursued where there are questions of fact requiring the technical expertise of an administrative agency. See id. at 238-241.
In light of these often overlapping guidelines, the procedural history here is now reviewed.[2] Registrar filed its complaint in this court on May 23, 1977, at which time Registrar was merely informed of the Division's intent to assess a sales tax. At that time the Division had neither made a determination as to whether any taxes were owing nor imposed any assessment for a tax. Plaintiff was left in quandry as to whether it should commence collecting a sales tax on the "informational documents" which it stored.
On June 14, 1977 the Division filed its answer which directly controverted plaintiff's contention that the "informational documents" constituted intangible property. As was *543 previously determined, there then existed a justiciable controversy. See Union Cty. Bd. of Chosen Freeholders v. Union Cty. Park Comm'n, supra 77 N.J. Super. at 432. The defense was raised in defendant's answer that plaintiff had failed to exhaust its administrative remedies, specifically the exclusive remedy under N.J.S.A. 54:32B-21(a), (b) of an appeal to the Division of Tax Appeals. This contention fails since at the filing of the complaint (and until December 30, 1977) there existed no final determination of the Division from which to appeal. But "the Declaratory Judgments Law is applicable and appropriate in instances where there is no final decision or rule of an administrative agency which could be reviewed by an existing remedy." Carls v. Civil Serv. Comm'n, 31 N.J. Super. 39, 42-43 (App. Div. 1954), aff'd 17 N.J. 215 (1955). Thus, declaratory relief is appropriate since no administrative remedy is available to Registrar.
The question is then raised as to whether this action was merely an attempt "to bag in advance an imminent and impending law suit." Ewing v. Trenton, supra 137 N.J. Eq. at 110. It would appear that such was not the case. Registrar's situation is distinguishable from the cases relevant to this issue. In Ewing no lawsuit had been instituted at the time that the bill was filed. However, the plaintiff "knew that the City was preparing to sue at law for damages." Id. at 112.
In Donadio v. Cunningham, supra, plaintiff was seeking "an advance adjudication that would protect its actual [restaurant] operation against any future claim of zoning ordinance violation." Id. 58 N.J. at 321. The Supreme Court determined that the Appellate Division was in error in deciding this case which was "in effect an attempt to have the court adjudicate in advance the validity of a possible defense in some expected future law suit." Id. at 325.
The facts in Rego Indus., Inc. v. American Model Metals Corp., supra, presented a situation where plaintiff alleged and defendants counterclaimed that the other party had *544 breached certain contracts. Id. 91 N.J. Super. at 449-451. Plaintiff also sought a declaratory judgment as to the rights and status of the parties under the contract. Id. at 449-450. Dismissing the declaratory judgment count of the complaint, the trial court found "that the controversy had already reached fruition" and "relief could be obtained in an ordinary law suit." Id. at 452. The Appellate Division affirmed the decision of the Chancery Division judge, noting that plaintiff was attempting to "adjudicate in advance the validity of its possible defense to defendants' imminent law suit." Id. at 453.
In these three cases plaintiffs were requesting the court to decide an issue which would shortly arise in another lawsuit. Plaintiffs in this suit did not have an expectancy of an impending suit and had merely a notification of an intent to assess.
A situation similar to the case at bar arose in Provident Mut. Life Ins. Co. v. Unemployment Compensation Comm'n, supra, where plaintiff sought a declaratory judgment as to its liability for contribution under the Unemployment Compensation Law. Id. 126 N.J.L. at 349, 351. The Commission had made certain determinations as to the plaintiff company and "notified [the company] that unless contribution reports were received by * * * April 1st, 1940, it would proceed with arbitrary assessment and legal action to collect the contributions." Id. at 349. Plaintiff commenced a declaratory judgment action on March 29, 1940. Id. Dismissing the complaint, the court stated:
As to the ground that the plaintiff has other and adequate remedy, the Supreme Court again in Empire Trust Co. v. Board of Commerce and Navigation et al., supra, has said that where the injury complained of its [sic] remediable by certiorari, the Declaratory Judgments Act is not available.
While the Unemployment Compensation law does not provide a method of review whereby an employer or employe may in advance of contributions litigate the question of liability therefor or the correct amount thereof, the act does set forth the procedure to be followed in interpreting the law and in enforcing its provisions. It is *545 elemental that a review of the commission's determinations may be had by writ of certiorari to the Supreme Court. The Declaratory Judgments Act cannot be invoked as an alternative remedy. [Id. at 351; citation omitted]
That case is strikingly similar to Registrar's situation but for the fact that Registrar had no assurance that the Division would follow through on its intent. Hence, relying on Carls v. Civil Serv. Comm'n, supra 31 N.J. Super. at 42-43, I conclude that when this action was commenced this matter was proper for a declaratory judgment; the facts were clear, the issue was well defined and contested and no administrative action was forthcoming. See Thrillo, Inc. v. Scott, 15 N.J. Super. 124 (Cty. Ct. 1951) (declaratory judgment granted to plaintiff engaged in business operation which might be prohibited by law even though remedy would exist if law enforcement sought to prohibit business in another suit).
Finally, it should be noted that the Division contends that an administrative determination of this issue is mandated since a factual record must be established and the technical expertise of the Division is needed. See Central R.R. Co. v. Neeld, supra 26 N.J. at 182; Equitable Life Mtg. & Realty Investors v. N.J. Div. of Taxation, supra 151 N.J. Super. at 241. However, "[i]t is firmly established that where the disposition of a matter depends solely on the decision of a question of law, the interests of justice do not require exhaustion of administrative remedies before resort may be had to the courts." DeStefano v. Wilson, 96 N.J. Super. 592, 596 (Law Div. 1967); accord, Nolan v. Fitzpatrick, 9 N.J. 477, 487 (1952). I find that the issue before this court is strictly a legal one, i.e., a construction of the term "tangible" within N.J.S.A. 54: 32B-3(b)(3). Accordingly, exhaustion of an administrative remedy, if one did exist, is not required.
Despite the propriety of this declaratory judgment action in May 1977, a course of events has taken place which presents this court with a troublesome question  one not *546 previously addressed in the courts of this State. Can this court retain jurisdiction over a declaratory judgment action maintainable at the commencement of the suit, but where, after the court reserved its decision on the merits, there has been a final decision of an administrative agency and another remedy now exists? Defendant has relied primarily upon Equitable Life Mtg. & Realty Investors v. N.J. Div. of Taxation, supra, to support its position that this action should be dismissed for plaintiff's failure to exhaust administrative remedies.
In Equitable plaintiff, having been notified in writing of the Division's final assessment of corporate income tax, appealed that determination pursuant to N.J.S.A. 54:10E-21 and also sought in the Chancery Division a declaratory judgment as to whether the Division had complied with the requirements of the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. 151 N.J. Super. at 235-236. On appeal from the Chancery Division's dismissal, the Appellate Division determined that plaintiff's sole remedy to challenge an action of an administrative agency was to seek review of the assessment in the Appellate Division pursuant to R. 2:2-3(a). 151 N.J. Super. at 238; see Central R.R. Co. v. Neeld, supra 26 N.J. at 184 ("judicial review of determinations by state administrative agencies or agents, such as the Director of the Division of Taxation, should be by appeal to the Appellate Division"). The court in Equitable held that "the challenge to the assessment was not maintainable in the form or the forum of a declaratory judgment action in the Chancery Division." 151 N.J. Super. at 237.
This holding is consonant with other decisions of this state on exhaustion of administrative remedies as a prerequisite to declaratory relief. Compare id. with Roadway Express, Inc. v. Kingsley, supra 37 N.J. at 139; and Central R.R. Co. v. Neeld, supra 26 N.J. at 184. However, there is one fact which clearly distinguishes Equitable from the case at bar: there was no administrative determination *547 and hence no administrative remedy when this court reserved its decision. The reservation of a decision, at least for a reasonable time, "amounts to its judgment." Morley v. McDonald, 98 N.J.L. 275, 277 (E. & A. 1922). Under the above principle the court, having proper jurisdiction over the substantive issue when it reserved its decision, retained that jurisdiction, at least for a reasonable period of time, pending its formal opinion. The Division's subsequent determination would not upset it. Furthermore, the general rule is "jurisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." 21 C.J.S. Courts § 93 at 143-144 (1940) (footnotes omitted); accord, Smith v. Campbell, 450 F.2d 829, 832 (9 Cir.1971); Union Chem. & Materials Corp. v. Cannon, 38 Del. Ch. 203, 209, 148 A.2d 348, 352 (Sup. Ct. 1959); Primavera v. Primavera, 195 Misc. 942, 945, 90 N.Y.S.2d 731, 735 (Fam. Ct. 1949); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S.Ct. 586, 592, 82 L.Ed. 845, 850 (1938) ("events occurring subsequent to removal which reduce the amount recoverable * * * do not oust the district court's jurisdiction once it has attached") (footnote omitted); Upton v. N.J. So. R. Co., 25 N.J. Eq. 372, 375 (Ch. 1874) ("[n]o change in the condition or residence of the parties can take away a jurisdiction which has once attached"). This court acquired personal jurisdiction as of the date of the service of the complaint, see Ex parte Hall, 94 N.J. Eq. 108, 113 (Ch. 1922), over a subject matter which was properly before it, see Carls v. Civil Serv. Comm'n, supra 131 N.J. Super. at 42-43 and the court retained jurisdiction to this date. Although the court would not have had jurisdiction originally if the Division had issued its final determination, this fact, under the general rule, will not now defeat this court's acquisition of jurisdiction. I therefore find that the Division's final determination of December 30, 1977 in *548 no way upset this court's jurisdiction over this declaratory judgment action.[3]
Addressing the substantive issue before this court, it is noted initially that N.J.S.A. 54:32B-3(b)(3) requires that a 3% sales tax be imposed upon receipts of sales of services for "[s]toring all tangible personal property not held for sale in the regular course of business and the rental of safe deposit boxes or similar space." Id. The act itself defines "tangible personal property" as "[c]orporeal personal property of any nature." N.J.S.A. 54:32B-2(g). The Legislature must have had a purpose in inserting the word "tangible" throughout the various subsections of N.J.S.A. 54:32B-3. The most readily apparent reason for this classification is to distinguish tangibles (corporeal property) from intangibles. The question remains as to what constitutes "intangible."
The court has considered the cases in New Jersey which have dealt with the concept of intangible property. In In re Armour, 17 N.J. Super. 523, 531 (Ch. Div. 1952), aff'd in part, rev'd in part, 11 N.J. 257 (1953) the court provided a definition of intangible assets:
*549 The words "intangible assets" have long had a clear and well understood meaning in the law, a meaning which has been constantly reiterated by the courts. They refer to that kind of property which, while having no intrinsic value, is evidence of a right or claim against some person or corporation. Intangible assets, in other words, are choses in action. In this category are placed bank accounts, stocks and bonds and accounts receivable.
Consistent with the concept expressed in this definition, bank accounts are classified as "intangible personal property," Hasbrouck v. Martin, 120 N.J. Eq. 96, 98 (Ch. 1936), and accounts receivable are considered "intangible personal property" within the meaning of the New Jersey Corporation Business Tax Act, N.J.S.A. 54:10A-1 et seq. J.B. Williams Co. v. Glaser, 114 N.J. Super. 156, 161 (App. Div. 1971).
Intangible property has also been defined as "property which has no intrinsic or marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, and franchises." 73 C.J.S. Property § 5 at 156 (1951) (footnote omitted). Tangible property, on the other hand, "is that which may be felt or touched; property capable of being possessed or realized; * * * that which is visible and corporeal; having substance and body as contrasted with incorporeal rights such as franchises, choses in action, copyrights, the circulation of a newspaper, annuities and the like." Id. (footnotes omitted).
There is definite confusion when one attempts to classify Registrar's "informational documents" as either tangible or intangible property. Clearly these items have substance and can be touched. However, at the same time, this property, all of which is cancelled, closed, voided or time-expired, has no intrinsic market value. In fact, the stock certificates, even if not cancelled, are generally always classified as intangible.[4]
*550 More light may be shed upon this problem by referring to the reason for the storage of this material. Plaintiff had admitted that its "informational documents" are composed of paper but it is not the paper which is being stored. Rather, it is the information contained thereon. Plaintiff in effect is preserving for its customers information rather than a particular object or paper of value, such as a painting. The documents are stored pursuant to plaintiff's business of registering and transferring securities.
The holding in Commerce Union Bank v. Tidwell, 538 S.W.2d 405 (Tenn. Sup. Ct. 1976) has provided the court with some guidance in deciding this case. In Tidwell the court was presented with the issue of "whether computer `software' is tangible personal property and taxable under the State Sales and Use Tax provisions." Id. at 406. The statute in question defined tangible personal property as "`personal property, which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses.'" Id. (quoting from Tenn. Code Ann. § 67-3002(l)). The plaintiff in Tidwell purchases computer programs from outsiders. 538 S.W.2d at 406. The information contained on these programs is then fed into the computer through various methods, e.g., punch cards, magnetic tapes or discs. Id. at 406-407. After the program is introduced into the computer the cards are destroyed and the tapes or discs returned to the vendor. Id. at 407. Plaintiff was taxed on the purchase of these programs including the cards or tapes. It was argued that this sale of a program realized an intangible property right, i.e., "the logic or intelligence of the program." Id.
The Tennessee Supreme Court agreed with the plaintiff's contention, finding that
*551 * * * [w]hat is created and sold here is information, and the magnetic tapes which contain this information are only a method of transmitting these intellectual creations from the originator to the user. It is merely incidental that these intangibles are transmitted by way of a tangible reel of tape that is not even retained by the user.
Id. The court concluded by "hold[ing] that the sale of computer software d[id] not constitute the sale of tangible personal property."[5]Id. at 408. See also Dist. of Columbia v. Universal Computer Associates, Inc., 151 U.S. App. D.C. 30, 33-34, 465 F.2d 615, 618-619 (D.C. Cir.1972) (computer software held to be intangible personal property for purposes of personal property tax).
The reasoning of the Tidwell case is applicable to the facts before this court. Incidental to the service of registering and transferring securities. Registrar stores cancelled, voided documents which contained information that may be useful to its customers for a limited future time. The documents per se have no value except perhaps the value of used paper. The service that Registrar provides is the retention of this information. The fact that the paper is stored is merely incidental to the preservation of information which clearly is an intangible. These documents clearly have no other value as Registrar only stores for as long as the information contained thereon is useful.
By reason of the foregoing I conclude that the documents stored by Registrar for informational purposes do not constitute tangible personal property under N.J.S.A. 54:32B-3(b)(3) *552 and therefore are not subject to a tax pursuant thereto. The tax assessment of December 30, 1977 for the sum of $5,518.46 is hereby set aside and the Division is enjoined from imposing any further tax assessment on this property under N.J.S.A. 54:32B-3(b)(3).
On motion for reconsideration:
After hearing oral argument on a motion for reconsideration pursuant to R. 4:49-2, the court submits the following supplement to its opinion rendered on February 28, 1978.
Defendant objected to the final judgment in this suit on the ground that the case of Equitable Life Mtg. & Realty Investors v. Division of Taxation, 151 N.J. Super. 232 (App. Div. 1977), was improperly distinguished. The situation in Equitable was distinguished from the instant case in that an appropriate statutory administrative remedy existed at the time of filing the action in the Superior Court, see id. at 236-239, whereas no such remedy was available to Registrar when this court reserved its decision. The Division now contends that the notice of assessment dated August 3, 1977 was a final determination which was rendered prior to the filing of the summary judgment motion and which could have been appealed. Thus, it is argued an administrative remedy was available.
Defendant's argument is without merit. In Equitable the court was presented with a situation where the complaint seeking declaratory and injunctive relief was filed in the Chancery Division subsequent to the notice of assessment. Furthermore, the plaintiff in that case simultaneously filed an appeal to the Division of Tax Appeals. Id. at 236. At the time of the filing of the complaint plaintiff in Equitable had an appropriate administrative remedy. In this case, however, there was no notice of assessment issued prior to the filing of the complaint. As I have previously determined, there was no final determination from which Registrar could have appealed and declaratory relief was appropriate. See Carls v. *553 Civil Serv. Comm'n, 31 N.J. Super. 39, 42-43 (App. Div. 1954), aff'd 17 N.J. 215 (1955).
Stronger support for this conclusion is found in my opinion where I noted that "the general rule is `jurisdiction once acquired is not defeated by subsequent events, even though they are of such character as would have prevented jurisdiction from attaching in the first instance.'" At 547 (quoting from 21 C.J.S. Courts § 93 at 143-144 (1940) (footnotes omitted)). Although this phrase was used in reference to the effect of the Division's December 1977 final determination upon the court's retention of jurisdiction, the principle is equally applicable to the notice of assessment even if it were considered a final determination within the reasoning of Equitable. Jurisdiction over this declaratory judgment was acquired properly over this action upon the filing of the complaint, see Ex parte Hall, 94 N.J. Eq. 108, 113 (Ch. 1922), and neither the final determination nor the notice of assessment upset that jurisdiction.
The motion is hereby denied.
NOTES
[1] Note, also, that where mandamus or certiorari was available in New Jersey to review an injury, declaratory judgment was found inappropriate. See Provident Mut. Life Ins. Co. v. Unemployment Compensation Comm'n, 126 N.J.L. 348, 351-353 (E. & A. 1941); Empire Trust Co. v. Commerce & Navigation Bd., supra, 124 N.J.L. at 411.
[2] The first two above-mentioned guidelines are not applicable here since there is no other court action pending and the instant suit is not a substitute for an appeal of a coequal branch of the judiciary.
[3] Defendant has also contended that even if this action should not be dismissed for plaintiff's failure to exhaust administrative remedies, it should be transferred to the Law Division as an action in lieu of prerogative writs. There are several reasons why this would be inappropriate. First, an in lieu proceeding may be used to review actions or inactions of an administrative agency. See R. 4:69 et seq. In this case the Division had not as yet made a determination and, furthermore, Registrar was not contesting an "inaction" on the part of said agency. Thus, an in lieu proceeding was not ripe. Secondly, even if a determination had been made, R. 4:69-5 requires exhaustion of administrative remedies, i.e., an appeal to the Division of Tax Appeals. Thirdly, the court in Equitable found that once the Division had made its determination, the aggrieved party's remedy was by way of review pursuant to R. 2:2-3(a) rather than an in lieu proceeding in the Law Division or a declaratory judgment action in the Chancery Division. 151 N.J. Super. at 238. Thus, defendant's contention is without merit.
[4] The case of Duncan v. Kelly, 435 S.W.2d 29, 30 (Mo. App. 1968), is cited by defendant for the proposition that stock certificates, as evidence of stock ownership, are tangible personal property with some value as a transferable symbol of property. Even if the court were to follow this view with reference to tradable stock certificates, the case is not applicable here. Registrar's stock and other informational documents are all cancelled or voided. They neither represent transferable symbols of property nor constitute evidence of a holder's right to other valuable property.
[5] The Tidwell ruling was subsequently distinguished in Shopper's Guide Publishing Co. v. Woods, 547 S.W.2d 561 (Tenn. Sup. Ct. 1977), a case concerning the taxability of a shopper's guide. The Tennessee Supreme Court pointed out that the computer software in Tidwell was found to be intangible "since no product was created and what was created and sold was information." Id. at 563. Likewise, in this case, Registrar does not use its "informational documents" to create a new product; it merely stores these materials for their informational value.